## YOST *v.* DEVAULT.

1. HOMESTEAD: CONVEYANCE. A bond executed by the husband to convey the homestead, is of *no validity* unless the wife joins in the execution of it. Section 1247 of the Code, 1851.

2. SAME: PLAT AND CLAIM. The right of the head of a family to hold a certain place as a homestead, is based upon its actual occupation as such, and not upon the filing of a plat and claim as contemplated by section 1254 of the Code.

3. SAME: DEFENSE. In an action for the specific performance of a contract to convey the homestead, in the execution of which the wife did not join, allegations in the answer, showing that it is a homestead and that the wife refuses to join in the conveyance, present a valid defense.

4. SAME. To sustain such a defense it is not necessary to show by the evidence on the hearing, the refusal of the wife to join in the conveyance.

5. SAME: SPECIFIC PERFORMANCE. The wife cannot by a decree of the court, in an action in which she is not a party, be compelled to join her husband in the execution of a deed conveying the homestead, for the specific performance of a contract entered into by the husband alone.

1 *Pelamourges v. Clark, et al, supra.*

Yost v. Devault.

6. DAMAGES: *Quere:* Whether the husband by entering into a contract to convey the homestead, without the concurrence of the wife, does not place himself in the position of a covenantor who has rendered himself unable to perform. *Foley v. Keegan,* 4 Iowa 1.

7. SAME: PRACTICE: DECREE. The damages sustained by the purchaser, by reason of the vendor's failure to perform his contract to convey real estate, will not be assessed by the Court, in an action for specific perform-. ance, unless the petition is framed with a view to such relief. The prayer for general relief is not sufficient.

8. EVIDENCE: AGREEMENT. When, to save the trouble and expense of taking depositions, the parties agreed to a statement of facts to be submitted in evidence, subsequent to which the defendant took one deposition, which proceeding the plaintiff assigned as the basis of an objection to the consideration of the agreement on the hearing; *Held,* That tne objection was not well taken.

*Apyeal from Polk District Court.*

WEDNESDAY, JUNE 3.

This is a proceeding to enforce the specific performance of a contract for the conveyance of real estate, and was before this court on a former occasion. See 3 Iowa, 345. Since that time, the respondent has amended his answer, and now avers that at the time when the contract was made, the lots which were to be conveyed, constituted his homestead; and that he could not convey them, as his wife refused to join in the deed. The bill contains the usual prayer for a specific performance, and for general relief. A decree was rendered dismissing the bill of complainant, with costs, from which he appeals. The other material facts, are stated in the opinion of the court.

*Cole & Jewett,* for the appellant.

*Bates & Phillips,* for the appellee.

WOODWARD, J.—The statute (Code, section 1247,) expressly enacts that a conveyance by the owner, is of no validity, unless the husband and wife, (if the owner is married,) concur in and sign such conveyance. Then, if one of them may make a contract to convey, which shall be obligatory on the other, the statute is easily evaded, and becomes of no

force. This would be placing the mere form of the transaction, before the substance. It seems quite manifest, that if one cannot make a conveyance of the homestead, without the concurrence of the other, he cannot make a contract to convey which will be obligatory on that other.

. We are led, then, to the objections assigned, which relate to the evidence of the homestead. Exception is taken to the evidence offered, of the wife having filed in the Recorder's office, a claim of a homestead, both because this is inadmissible, and because she did it in her own name, and as *her* homestead. The evidence offered was a plat and field notes "of Hannah Devault's Homestead," containing a plat of land, with a description of it by metes and bounds. In this, she is not described as the wife of Noah Devault, nor is there any reference to him in any manner; nor is it spoken of as the same as his homestead or his residence. The description commences at a point at a certain distance and direction from "her dwelling house," &c., but it is mentioned as including lots number seven and eight, in block eleven, in Fagan's addition to Fort Des Moines, Polk County, Iowa.

This proceeding might be regarded as defective and insufficient, as the claim of the wife, instead of that of her husband. It is not made to connect with him and his homestead, but stands as her own and as if in her own right. But, without passing upon this question, we may ask, is this of any importance in the case? Has the filing of the claim any effect? The right to a certain place as a homestead, is based on the fact of its being so used by one who is the head of a family.[1] It would seem that in the case of a judgment and an execution issued, this fact, with the claim to its exemption as such, is sufficient. It is such, though no plat has been filed. We are not called upon to determine how this right is to be pleaded, in the various cases and circumstances in which it may arise, but it being clear that the

---

1 *Charless & Blow* v. *Lamberson*, 1 Iowa 435; *Rhodes, Pegram & Co.* v. *McCormack*, 4 Ib. 368.

court cannot compel the wife to execute a conveyance, it must follow that the plea or answer, in such a case as the present, that it was the homestead at the time of entering into the contract, and that the wife refuses to accede, presents a valid defense, in the view that it presents a contract which the court cannot enforce. This does not determine what may be the effect on the respondent, under another question, nor whether he might not be in the position of one who has rendered himself unable to perform. *Foley* v. *Mc-Keegan*, 4 Iowa 1.

Another question is this : In order to save the trouble and expense of taking depositions, the plaintiff's counsel agreed to the admission, that defendant was the head of a family when the contract was made; and that they then did, and still do, reside on the lots in question, and that this might be read in evidence in the cause. The respondent having taken the deposition of one Myers, subsequently, the complainant objects to defendant's making use of this admission, and refers to *Rogers* v. *Alexander*, 2 G. Greene, 446. In that case, the admission was, by its express terms, to be used in the justice's court, *and no other*. This makes the cases widely different. But for this agreement, the defendant may have desired to take other depositions, and may not have been content to rest his case upon that of Myers alone. Without considering what effect the plaintiff's objection to parts of the deposition taken, may have, we are of opinion that the agreement still holds.

But there remains a question of importance. By the eighth interrogatory and answer, the defendant seeks to prove that his wife refused to execute the contract by signing a deed. The agreed admission does not cover this point. The witness answers the question, by stating his impression of a conversation with her, in which she said she would not sign. If this fact is to be proved, it must be done clearly and unequivocally, and this testimony is not satisfactory.

But we are of the opinion, that it is not essential to prove her refusal. For, suppose it not proved, and the court ren-

der a decree for a performance, on that ground, and she refuses afterward. Setting aside the fact that she is not a party here, so that the decree can act upon her, upon what principle can the court compel her to execute a deed? The decree would be against the husband alone; and the place would still remain a homestead to the wife and the children, and the vendee could not obtain possession. It would be a barren decree.

This train of thought drives us back to the ideas first suggested, that the statute declares *of no validity*, a conveyance made by one of them; in other words, it requires the concurrence of the other. And it seems to require no reasoning to show, that a contract to convey cannot have more force; and then, when it is pleaded and shown, that the property contracted constituted the homestead, this contract can receive no more favorable construction than a deed. And as, in the case of such deed, when it should be shown to carry the homestead of the party, and that his wife had not executed it, the grantee could not recover; so, when it appears that a bond, covenanting to convey it, was not signed by her, a decree for a specific performance cannot be passed, at least, unless in a case where she is made a party, and comes in and makes known her willingness thereto. How it would be in such a case, we are not to determine, since she is not made a party.

The conclusion that the court cannot enforce the contract, leaves the complainant to his damages against the respondent; and he claims that the court should retain the bill, to inquire into and assess them. There is some doubt in regard to the exercise of this power by the court, in any except cases of a peculiar nature. But, even if the court would entertain this jurisdiction, the case is not prepared for this. Where this is intended, or sought, the petition should be framed with a view to it, and the prayer adapted to it. The general prayer is not sufficient for this. Neither is there any evidence prepared in the case, with a view to the issue which would then be tried.

The decree of the District Court is affirmed.