DAISY HALL, Appellant, v. MARY CARDELL, MINNIE ROD-
DAN AND O. F. RODDAN.

**Delivery:** PRESUMPTION AS TO DATE. Delivery of a deed is pre-
sumed on the day of its date or acknowledgment.

To INFANT: *Sufficiency.* A deed by a father and mother to their
infant daughter was on the date of its execution placed by the
former in the child's lap, the mother taking the instrument
to hold for the benefit of the daughter. The father testified
that it was the intention of the parties that delivery to the
mother should constitute delivery to the child. *Held,* a suffi-
cient delivery.

*To parent for infant.* Parents, being by Code, section 3192, made
the natural guardians of their children, may, as such guardians,
accept the delivery of deeds made to them.

OF ACCEPTANCE BY INFANTS. Where a deed is made to an infant but
a few weeks old, although it is not immediately beneficial,
acceptance thereof is presumed and conclusively implied.

**Revenue Stamp:** PRESUMPTIONS. It is presumed that a deed prop-
erly recorded bore a revenue stamp, although such stamp is
not shown by the record thereof.

VALIDITY. The want of a revenue stamp does not render invalid
a deed executed on April 6, 1872.

**Evidence:** AGE OF CHILD. The positive testimony of a father as to
the age of his daughter sufficiently proves the same.

LEAVES FROM FAMILY BIBLE. Leaves cut from a family Bible are
admissible to prove the age of a daughter, the weight thereof
to be determined by the court, although the entries therein
were not made at the time of the birth of the child and were
· copied from another Bible.

DEEDS: *Secondary evidence—foundation.* Under Code, section 4630,
providing that record evidence of a deed may be introduced
when the original is shown to be lost, or not belonging to the
party wishing to use the same or within his control, such evi-
dence is admissible on proof that the party wishing to intro-
duce the same had made careful search therefor, and failed to
find it, and had heard that the deed was in the possession of a
former attorney, who was in a distant state.

**Suit to Redeem:** RENTS AND PROFITS: *Reversal and remand.* In a
suit to redeem from tax sale, where plaintiff offers to take a

decree setting aside the sale, without requiring defendants to account for rents and profits, such decree will be entered and, upon reversal resulting, it is proper for the supreme court to order such decree, with permission to defendants to present claim for improvements to the district court for allowance.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

SATURDAY, APRIL 14, 1900.

SUIT in equity to redeem certain lands from tax sale. From a decree dismissing the petition, plaintiff appeals.— *Reversed.*

*I. M. Earle* for appellant.

*Cardell & Giddings* and *Shortley & Harpell* for appellees.

DEEMER, J.—The land in controversy was sold for taxes October 29, 1873, and a tax deed issued December 4, 1876. It is claimed that plaintiff is the owner of the land through a deed made by her father and mother of date April 6, 1872, acknowledged the same day, and recorded January 12, 1891. Plaintiff's father. John Hall, became the owner of the lot May 24, 1870, but he did not record his deed until September 28, 1875. It is claimed that plaintiff was born March 19, 1872. She commenced action to redeem March 17, 1891. If, as she claims, she was a minor at the time of the tax sale and when the deed issued, and if she was then the owner of the land, she had, by statute, one year from the time she arrived at age within which to redeem (Code, section 1439; Code 1873, section 892); and her suit in equity is the proper method of enforcing that right (Code, section 1440).

Defendants say, however, that plaintiff has not established her minority; that there is not sufficient proof of title in plaintiff; that the deed, if one was made, was neither

delivered to, nor accepted by, plaintiff; and that, on the whole case, plaintiff is not entitled to recover. Plaintiff's father testified that she was born March 19, 1872, and he produced a leaf from the family Bible that gave that as the date of her birth. It is said that the father's testimony is based on the entry in the Bible, and that that entry is not admissible, because not made at the time of the birth of the child, and for the further reason that entries appearing thereon were copied from a large book into the one from which the leaves were cut. The record does not sustain this assumption. John Hall, the father, testified positively, and without equivocation, to the date of birth, and his testimony is not disputed. Concede, for the purpose of the case, that leaves torn from the Bible were inadmissible, yet there is no doubt as to the time of plaintiff's birth. We may say, however, that the leaves were admissible, their weight to be determined by the court. *Insurance Co. v. Pollard,* 94 Vt. 146 (26 S. E. Rep. 421, 36 L. R. A. 271); *People v. Slater,* 119 Cal. 620 (51 Pac. Rep. 957).

Plaintiff's father testified that he did not know where the original deed that he made to plaintiff was; that he had made careful search for it; that plaintiff had made search, and that he had looked through all his daughter's papers, and was unable to find it; and that he had heard the instrument was in the possession of a former attorney for plaintiff, who at the time of trial was in the state of California. A duly-certified copy of the deed made by the recorder of the county, was then offered and received in evidence. Defendant objected to it because secondary, the loss of the original not being shown. Under the statute (Code, section 4630), loss of the original need not be shown in order to justify the reception of certified copies of the record. Proof by the party, on oath or otherwise, that the original is not within his control, is sufficient. The authorities fully justify the admission of the secondary evidence. *Ingle v. Jones,* 43 Iowa, 286; *Corbin v. Beebee,* 36

Iowa, 341; *Olleman v. Kelgon,* 52 Iowa, 39; *McNichols v. Wilson,* 42 Iowa, 385.

But defendants say there is no evidence either of acceptance or of delivery of the deed. The presumption is that the deed was delivered on the day of its date or acknowledgment. *McGee v. Allison,* 94 Iowa, 531; *Farwell v. Brick Co.,* 97 Iowa, 286 (35 L. R. A. 63); *Nichols v. Saddler,* 99 Iowa, 429. In addition to this, we have the direct evidence of plaintiff's father, to the effect that, after the deed was signed and acknowledged, he placed it in plaintiff's lap, and that his wife then took the instrument to hold for the benefit of the plaintiff; that it remained in the wife's possession until shortly before it was recorded; and that it was the intention of the signers that delivery to the mother should constitute a delivery of the deed for the benefit of plaintiff. Surely this, plus the presumption, shows a sufficient delivery. *Tallman v. Cook,* 39 Iowa, 402; *Newton v. Bealer,* 41 Iowa, 339; *McKenna v. Kelso,* 52 Iowa, 727. Parents are the natural guardians of their children, and, as such, may accept the delivery of deeds made to them. Code, section 3192. The instant case differs essentially from *Richards v. Gray,* 85 Iowa, 149. There a deed was made by a grandfather to his grandson, who lived in another state. The deed was acknowledged by a justice of the peace, and held by the grantor. The grandfather testified that he delivered the deed to the justice in the name and for the sole benefit, in trust, of his grandson. Neither the grantee nor his parents knew anything about the deed, and it was never recorded. Arnold, the justice, returned it to the grandfather, who was the principal custodian of it thereafter. After the redelivery of the deed, the grandfather assumed control over the land, and entered into negotiations for its sale. Again, it is said that, as the deed bore no revenue stamp, it was invalid, and conveyed no title. The presumption is that it bore a

stamp, and this presumption is not overcome by the record. *Collins v. Valleau,* 79 Iowa, 626. But, if it did not bear a stamp, it was not invalid, under the internal revenue law in force at the time of its execution. *Mitchell v. Insurance Co.,* 32 Iowa, 425.

Further, it is said there is no proof of acceptance by the minor. At the time the deed was delivered, plaintiff was but a few weeks old, and, of course, had not mental capacity either to dissent or accept. But it is the universal rule that when a beneficial instrument is made to an infant, presumption of assent obtains, and knowledge of the conveyance and of its delivery is not essential. *Cecil v. Beaver,* 28 Iowa, 246; *Tallman v. Cooke,* 39 Iowa, 402; *Newton v. Bealer,* 41 Iowa, 340; *Palmer v. Palmer,* 62 Iowa, 207. The conveyance of the property at the time it was made may not have conferred any great benefit on plaintiff, but it was certainly not prejudicial, and we think the law conclusively implies consent. *Byington v. Moore,* 62 Iowa, 470; *Davis v. Davis,* 92 Iowa, 147.

Various matters are called to our attention as reasons for not accepting the plaintiff's evidence. We have given consideration to all of these, but are not prepared to hold that plaintiff's evidence should be entirely discredited. Unless we do that, there must be a decree permitting plaintiff to redeem.

We are constrained to believe that she has established all the material allegations of her petition, and that she is entitled to the relief asked. On the question as to the amount she should pay, we are relieved of much difficulty, as she offers to take a decree setting aside the tax deed, and giving her possession of the land, without calling on the defendants for the rents and profits. As the evidence shows that they are, at least, equal to the amount plaintiff should pay, we are content to give her the decree she asks, without compelling her to advance anything or the

defendants to account.  There is some evidence of improvement placed upon the lot, but it is not of such character as that we can arrive at any proper conclusion regarding the amount, if anything, to which defendants are entitled on account thereof.

As the case must be reversed, we remand it for a decree in harmony with this opinion, with permission to defendants to present their claims for improvements to the district court for such an allowance, if any, as they are entitled to.  This proceeding seems to be justified by *Strabala v. Lewis,* 80 Iowa, 510.—REVERSED.