FRANCES R. HOSTETLER, Appellee, v. W. EDDY, Appellant.

Homestead: CONTRACT OF SALE BY HUSBAND ALONE: EVIDENCE. An
1   action for damages based on a refusal to convey homestead property in accordance with an option contract executed by the husband alone, will not lie.  Evidence reviewed and held sufficient to impress the property in suit with a homestead character.

Intention of owner.  In determining the homestead character of
2   the property, the intention of the owner is immaterial where there is actual occupancy by the family as a home.

Avoidance of contract.  A contract of the husband alone to sell a
3   homestead is void in favor of both husband and wife.

*Appeal from Black Hawk District Court.* — HON. F. C. PLATT, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION at law to recover damages for failure to convey real estate pursuant to a contract alleged.   The facts are stated in the opinion.   There was a jury trial, and verdict and judgment in favor of plaintiff.   The defendant appeals. — *Reversed.*

*Mullan & Pickett,* for appellant.

*Boies & Boies* and *Courtright & Arbuckle,* for appellee.

BISHOP, J. — The defendant now owns, and for more than thirty years has owned, contiguous lots 2 and 3 in block

2 in the city of Waterloo.   In July, 1897, defendant leased, by writing, for a stipulated rental, the northwest sixty-five feet of the northeast ninety feet of said lots to plaintiff, " to be used for the purpose of erecting a store building,   .   .   . for the period of six years   .   .   .   ending on the 8th day of July, 1903."   Among the further provisions of the lease appear the following:

It is also agreed by the parties hereto that said Hostetler shall have the option to purchase of said Eddy the property above described at any time within three years from the date of this lease at the price of $6,500.   .   .   .   In case such purchase is made said Eddy agrees to execute and deliver to said Hostetler a good warranty deed of the premises described.   .   .   .   If said Hostetler shall not elect to purchase said property as above mentioned, at the expiration of this lease   .   .   .   she shall have the right to remove the building or buildings she may have erected thereon within two months from the expiration of the lease.

Plaintiff at once erected a frame building covering the leased ground, and occupied the same until September, 1899, when the building was partially destroyed by fire.   Plaintiff then built a more substantial structure, two stories in height, veneered with brick, and in June, 1900, she tendered to defendant the full sum of $6,500, and demanded a deed of the property covered by the lease, which tender and demand for conveyance defendant refused.   This action was commenced in September, 1900, and, in substance, the petition alleges — using the language of her counsel in argument — " the breach of the optional contract to sell and convey, and claims damages arising from a difference between the contract price and the actual value of the real estate with the permanent and unremovable improvements she had made thereon at the time of the breach."   The answer of defendant admits the making of the contract declared upon in the petition, and the refusal on his part to accept of the tender alleged and to convey.   The defensive allegation is then made

that at the time of the making of said contract, and ever since, he (defendant) was a married man and the head of a family, and that the said premises then and now constitute a part of his homestead; that his wife did not join in the execution of the contract sued upon. At the close of all the evidence in the case the defendant moved for an instructed verdict in his favor upon the ground, among others, that the homestead character of the real estate in question was established by the evidence beyond dispute, and this motion was overruled. As we think the motion should have been sustained, we may confine ourselves to a discussion of the propositions presented thereby.

As already stated, the defendant became the owner of the property some thirty years ago. It is conceded that the entire property is less than one-half acre in extent. Soon 1. HOMESTEAD: after his purchase, defendant built a residence contract of sale by husband alone; on the property, and moved into it with his family. evidence. ily. The property was thus occupied until in the year 1892, when defendant and his wife separated, the latter going to Chicago, where she obtained a divorce in the year 1894. There were no children as a result of the marriage, and, after his wife left, defendant occupied some rooms in the house, also the barn, and the rest was leased to a tenant. In June, 1896, he remarried, and with his wife at once took possession of the entire property as a place of residence; and, with two children born to them, they continued in the occupancy thereof as a home down to the time of the trial. The contract with plaintiff, made in the year 1897, was not signed by Mrs. Eddy, and, if that were material, she was not advised of the provisions thereof. So far the facts are in no respect the subject of dispute. And if this were all, it is quite probable there would be found no one to urge a right on the part of plaintiff to recover. Code, section 2974, provides that " no conveyance  .  .  .  or contract to convey  .  .  .  the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of

the same joint instrument,"˙ etc. And the actual occupation by the family of the property as a dwelling place is a sufficient declaration of its homestead character. *Yost v. Devault,* 9 Iowa, 60; *Reeseman v. Davenport,* 96 Iowa, 330; Thompson on Homestead, section 240.

But plaintiff in her reply, denies that, at the time of the lease and contract to convey, the property in question was impressed with the homestead character; and it is insisted in argument that the evidence warranted a finding on the part of the jury that the occupancy of the property by defendant and his family was intended to be, and was in fact, temporary only, and without intent to claim any right of homestead therein. The facts relied upon to support a recovery, in addition to those already stated, in substance, are these: The property is located in a business section of the city, and in the year 1895 (being the year preceding his marriage to his present wife) defendant repeatedly made declaration of an intention to subdivide the property into lots for business purposes, and make sale thereof as such. He made with pencil a plan for subdivision, and submitted it, with proposals to sell, for the inspection of several persons with whom he sought to have negotiations. Something over a year after this marriage the contract upon which this suit is based was entered into, and later defendant, acting alone, authorized by leases each for one year the erection of two other small buildings facing a side street on the property. It does not appear that Mrs. Eddy knew anything about what transpired before her marriage. As to the matters subsequent, she knew simply of the physical facts as to occupancy, respecting which she made objections to her husband, but none to the tenants. It is upon the facts as thus stated, comprehending the whole case, that we conclude that no case was made for the jury. We may concede that while defendant was living upon the property, an unmarried man, no right of homestead existed. But the moment he again became the head of a family, and the property became the place of resi-

dence of that family it became impressed with the homestead character, and this in his favor and in favor of his wife. From this it follows that the intention formed by defendant, while yet single, to sell, and even though he continued to entertain such intention after his marriage, is wholly immaterial. It is sufficient that he did not sell, and that he did make of the property a home for his family. *Rhodes v. McCormick,* 4 Iowa, 374; *Williams v. Swetland,* 10 Iowa, 51; *Wollcut v. Lerdell,* 78 Iowa, 672; Thompson on Homestead, section 230; Waples on Homestead, page 175.

Counsel for appellee insist that the question of the existence of a homestead right rests wholly in intention. That there are cases in which intention is of materiality is true.

2. INTENTION OF OWNER. But it is never true as applied to one in the actual occupancy of a place of residence as a home. This must be so, because a homestead is not in such cases dependent upon intention. It requires no proclamation or formal dedication, but comes into existence by mere operation of law contemporaneous with occupancy. It ends only with abandonment in fact. *Charless v. Lamberson,* 1 Iowa, 435; *Yost v. Devault, supra; Thomas v Williams,* 50 Tex. 275; *Little v. Baker* (Tex. Sup.), 11 S. W. 549; *Carter v. Sommermeyer,* 27 Wis. 665.

It is not contended that the leases made were sufficient to constitute abandonment. The facts were brought into the case only as reflecting the intention of defendant with respect to the property at the time of his remarriage, and at the time the contract with plaintiff was made. As we hold the matter of his intention to be immaterial, the facts evidencing the same are immaterial. *Savings Bank v. Kennedy,* 58 Iowa, 454; *Robb v. McBride,* 28 Iowa, 386.

A further reason is to be found in the fact that whatever was done, as shown, was by the defendant. The case ignores that phase of the situation presented by the presence of Mrs. Eddy, her homekeeping on the property, and her rights in the premises. Certainly no one — neither her husband, nor any

one with whom he might contract — could be heard to say it was not her home in fact, and her homestead in law. And being such, she could not be deprived of it, or any interest therein, against her will. *Morris v. Sargent,* 18 Iowa, 90; *Lunt v. Neeley,* 67 Iowa, 97.

The property being a homestead, the contract of defendant to sell was void under the statute. It was void in favor of both husband and wife. *Alvis v. Alvis,* 123 Iowa, 546. Accordingly a mere refusal to convey could not be made the subject of an action for specific performance, nor would an action for damages lie. *Yost v. Devault, supra; Barnett v. Mendenhall,* 42 Iowa, 296; *Mann v. Corrington,* 93 Iowa, 108.

3. AVOIDANCE OF CONTRACT.

Much is said in argument respecting the moral phase of the case, especially as affected by the conduct of defendant, shown in connection with the rebuilding of the store after the fire. But with this the courts can have nothing to do. Plaintiff, when she made her contract, knew of the occupancy of the premises by defendant and his family for home purposes, and she should have protected herself by obtaining the signature of the wife.

The judgment must be reversed, and the case remanded for further proceedings according to law. — *Reversed.*