J. W. KETTERING v. C. H. EASTLACK and OLIVE EAST-
LACK, his wife, Appellants.

**Specific performance:** CONTRACT TO CONVEY HOMESTEAD:  SIGNATURE
1  OF WIFE.  A contract of the husband to convey land including
the homestead may be enforced in equity, where the wife after-
ward signed the husband's copy and notified the other party of
her willingness to sign his, prior to his repudiation of the
agreement, and also joined in the execution of a deed at the
time of performance.

**Pleadings:** AMENDMENT.  The court may properly refuse to allow
2  an amendment, which sets up a new defense, that is not offered
until the close of the evidence.

**Specific performance:** LIQUIDATED DAMAGES.  Specific performance
3  of a contract to convey real property will not be defeated by
a provision therein for liquidated damages in case of default
where the contract itself is not that the damage may be paid in
lieu of performance.

**Pleadings:** AMENDMENT.  Where there was no requirement in the
4  contract of sale, that the owner of the land show a perfect
title in him at the date of the contract, an amendment offered
at the close of the evidence, in an action for specific perform-
ance, alleging want of title at the date of contract, was properly
refused.

**Appeal:** REVIEWABLE QUESTIONS.  Objections to an abstract of title,
5  in an action for specific performance, which are not called to
the attention of the trial court, will not be considered on
appeal.

*Appeal from Linn District Court.*— HON. J. H. PRESTON,
Judge.

WEDNESDAY, MAY 9, 1906.

ACTION for specific performance of a contract to con-
vey land.    There was a decree for the plaintiff, and defend-
ants appeal.— *Affirmed.*

*Mac J. Randall* and *Smith & Smith,* for appellants.

*E. A. Johnson* and *C. W. Kepler,* for appellee.

McCLAIN, C. J.— The contract on which plaintiff re-
lies was executed on September 21, 1903, and by its terms
obligated the plaintiff to convey to the defendants one hun-
dred and twenty acres of land in Cedar county, Iowa, in
exchange for one hundred and sixty acres of land in South
Dakota and $7,100 in cash.    A portion of the plaintiff's
land constituted his homestead, and subsequently to the mu-
tual execution and delivery of duplicates of the contract,
neither of which was signed by plaintiff's wife, and before
the 15th day of March, which was the day on which the con-
tract was to be performed, plaintiff's wife signed the dupli-
cate which was in her husband's possession and notified de-
fendants of her readiness to sign the duplicate held by them;
but defendants refused to carry out the contract for various
reasons.    The questions raised by the pleadings and on the
trial, so far as they are involved in the controversy as now
presented by counsel, are whether, in view of the failure of
the wife of plaintiff to join in the execution of the contract
on the 21st of September to convey the Cedar county land, a
part of which constituted the homestead of herself and her
husband, the defendant's contract to convey the South Da-
kota land and pay a bonus in cash can be enforced against
them, and whether the stipulation in the contract for the
payment by either party of five hundred dollars as liquidated

damages for failure to perform relieved the defendants from any obligation which could be enforced in an action for specific performance. The question is also raised whether the abstract tendered by plaintiff was sufficient, under the requirements of the contract that plaintiff should deliver on the date of performance an abstract showing title in himself.

I. In Code, section 2974, it is provided that no conveyance or contract to convey the homestead, if the owner is married, is valid unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contract may be enforced as to real estate other than the homestead at the option of the purchaser. In *Epperly v. Ferguson,* 118 Iowa, 47, we held that, although the wife did not join in the execution of the contract to convey at the time it was executed, she might subsequently, when the question was raised as to the effect of her failure to join in the instrument with her husband, sign the same contract, or one duplicate thereof, and notify the other party of that fact and offer to sign the other duplicate, and thereby render the contract valid and binding. Plaintiff's wife pursued this course, and on the day for the performance of the contract plaintiff tendered to defendants a joint deed of himself and wife for the Cedar county land. Unless the defendants had repudiated their contract on the ground that the wife had not joined in its execution, and assigned that as a reason for repudiation, prior to the action of plaintiff's wife in signing the duplicate and notifying defendants of her willingness to carry out the contract as thus signed, we think the contract may now be specifically enforced.

1. SPECIFIC PERFORMANCE: contract to convey homestead: signature of wife.

Counsel for appellants rely on *Alvis v. Alvis,* 123 Iowa, 546, in which it was held that a deed conveying the homestead, executed by the husband alone and fully delivered, could not be made valid more than thirty years afterward by the action of the wife in signing the instrument; her

husband having no knowledge of this effort on her part to make valid a conveyance which had from its inception been void. We think, however, there is a manifest difference between that case and the case now before us. In the present case there was concurrent action of the husband and wife not, it is true, at the time the contract to convey was executed, but before the contract had been repudiated on that ground, and before the time had arrived for conveyance under the contract, and at the date when conveyance should have been made husband and wife joined in the execution of a deed which was duly tendered to defendants. The case clearly falls under the rule announced in Epperly v. Ferguson, *supra,* and not within the rule of Alvis v. Alvis. The statute itself makes a distinction between a conveyance and a contract to convey. The latter is not for all purposes void, but the purchaser may elect to enforce it so far as it covers land not included within the homestead, while a conveyance which is not the result of the concurrent action and acquiescence of the husband and wife is valid for no purpose.

It is contended, however, that the defendant Eastlack had repudiated the contract on the ground that plaintiff's wife had not joined in its execution. Without setting out the evidence in detail, we are satisfied to announce the conclusion that such repudiation was not established. The defendant Eastlack did not testify, and so far as any attempt to repudiate on his part was brought to the attention of the plaintiff it was not on the ground that his wife had not joined, but, as it appears, under an assumed right to pay the liquidated damages and be thereby relieved from further obligation. There is some evidence as to a conveyance by defendant Eastlack of the South Dakota land to one Walmer, who was plaintiff's agent in negotiating the contract of exchange; but it appears that the negotiation between Eastlack and Walmer related at first to the Cedar county land which Eastlack was to acquire from plaintiff under the con-

tract, and that subsequently it related to the South Dakota land on the theory that Eastlack would not acquire the Cedar county land from plaintiff. The testimony as to these transactions comes entirely from Walmer, and is of such uncertain character that we are unable to understand just what these agreements were. Walmer is not a party to this suit, and is not asserting any right to the South Dakota land superior to that of plaintiff under his contract; nor could he do so, for he was aware of the contract, and whatever rights he acquired were subject to plaintiff's equity.

The objection that defendants had conveyed the South Dakota land was not interposed as a reason why a specific performance should not be enforced until defendants offered an amendment to their answer at the close of the evidence, and the court then properly refused to allow such amendment on the ground that it was interposed too late. We are not disposed to interfere with the discretion of the trial court in this respect. No reason is suggested why it should not have been made earlier. Moreover, it was offered only to conform the pleadings to the proofs, and we find no sufficient evidence to support the offered amendment.

2. PLEADINGS: amendment.

II. In the body of the contract to convey, and after the specific provisions as to subject-matter, time, etc., is the following: " It is further agreed that if either party to this contract shall fail to perform it according to its terms and tenor, and the other party is ready to perform it according to its terms and tenor, then the party so failing shall forfeit to the party who has not failed the sum of $500 as liquidated damages." Counsel for appellant contend that, in view of this provision for liquidated damages, plaintiff is not entitled to specific performance, but is limited to his remedy at law. If the contract were in the alternative, so that the defendants had the option of conveying or paying a stipulated sum by way of liquidated damages, then, no doubt, it would be improper

3. SPECIFIC PERFORMANCE: liquidated damages.

for a court of equity to interfere. *Amanda Gold Mining, etc., Co. v. People's Mining, etc., Co.,* 28 Colo. 251 (64 Pac. 218); *Armour v. Connelly,* 63 N. J. Ch. 788 (49 Atl. 1117); 1 Pomeroy Equity Jur. (3d Ed.) section 447. But the mere fact that liquidated damages are provided for as a part of the contract does not convert it into an optional contract under which the obligor is entitled to relieve himself from the duty of specific performance by paying the liquidated damages. Where it is apparent that the intention was that the obligor convey, and the provision for damages or penalty is simply a means of securing conveyance, the obligor cannot relieve himself from the duty to convey, which equity will enforce, by tendering payment of the penalty or damages. *Lyman v. Gedney,* 114 Ill. 388 (29 N. E. 282, 55 Am. Rep. 871); *O'Connor v. Tyrrell,* 53 N. J. Eq. 15 (30 Atl. 1061); *Brown v. Norcross,* 59 N. J. Eq. 427 (45 Atl. 605); *Phœnix Ins. Co. v. Continental Ins. Co.,* 87 N. Y. 400; *Hull v. Sturdivant,* 46 Me. 34; *Dewey v. Bulkley,* 1 Gray (Mass.) 416; *Plunkett v. Methodist Epis. Soc.,* 3 Cush. (Mass.) 561. It is plain in this case that the contract was to convey, and not primarily to pay damages. If the plaintiff had sought relief in an action at law, he no doubt would have been limited to the recovery of the damages stipulated; but there is nothing in the contract to indicate that plaintiff should be confined to his remedy at law and denied his equitable right to enforce specific performance.

III. It appears that the plaintiff tendered to defendants in January, after the contract was executed, an abstract of title to his land, and made another tender of an abstract in connection with the deed on the date when the contract should have been performed. In neither instance did the defendants examine the abstracts tendered or make any objection thereto. But on the trial, at the close of the evidence, defendants asked leave to amend their answer in order to allege that plaintiff did not

4. PLEADINGS: amendment.

have title to the Cedar county land at the time the contract was made. This amendment, so far as it related to plaintiff's title, was immaterial; for there is nothing in the contract requiring that plaintiff show a perfect title in himself at the time of the making of the contract, and the court properly refused to allow an amendment in this respect.

After the entry of a decree for plaintiff, the defendants moved to vacate it on various grounds, among others, that it required defendants to accept the abstract of title introduced in evidence, whereas such abstract failed to show title in plaintiff and did not in other respects conform to the requirements of the contract. An examination of the abstract satisfies us that it does show title in the plaintiff, and, as no other specific objections were made to it, the court was entirely justified in refusing to set aside the decree on this ground.

Several objections to the abstract are argued, but, as it nowhere appears that these objections were called to the attention of the trial court, we are not required to notice them. 5. APPEAL: reviewable questions. Defendants were throughout the trial insisting on the invalidity of the contract, and did not in any way complain of the insufficiency of the abstract tendered. It is too late now to raise an objection to the decree on defects in the abstract.

The decree of the trial court is *affirmed.*