**In the Matter of the ESTATE OF Augusta GUSTAFSON, Deceased,**

**Rune GUSTAFSON, Executor and Individually, Stewart Gustafson, and Bert Gustafson, Appellants,**

v.

**Richard FOGLEMAN, Joanne Braunschweig, and Tyanne Elliott, Appellees.**

No. 95–922.

Supreme Court of Iowa.

July 24, 1996.

313

Gary W. Armstrong of Mack, Hansen, Gadd, Armstrong & Schiller, P.C., Storm Lake, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The executor of Augusta Gustafson's estate and decedent's surviving children filed an application for authority to sell real estate in Augusta Gustafson's estate. The trial court denied the application. From this ruling this appeal ensued. We affirm.

I. Background Facts and Proceedings

Augusta Gustafson and August Gustafson had four children: Rune, Stewart, Bert, and Gladys. August died on November 8, 1977 and was survived by his wife Augusta. Augusta died on March 7, 1984 and was survived by her four children. Under the will of Augusta, the four children were to receive equal shares. However, pursuant to a codicil signed by Augusta, her daughter Gladys was to receive the family residence. This codicil operated to disproportionately increase the size of Gladys' inheritance from her parents by the value of the residence.

An agreement dated October 10, 1984 was signed by the four surviving children including Gladys. Under the terms of this written agreement, the four children agreed to deviate from the terms of the codicil and provided that Gladys would have the life use of the residence property with the remainder interest shared one-fourth each by the four children. The codicil which had provided for the residence to be inherited in fee by Gladys was declared by the written agreement to be null and void and the agreement substituted in its place. The agreement was approved without further notice by order of court filed December 5, 1984.

At the time of this agreement, Gladys was married to Arles Anderson. Gladys and Arles were then residing in the residence as their homestead which they had maintained from November 1982 through October 1985. Arles did not sign the agreement. The mar-

Steven T. Roth of the Roth Law Office, Storm Lake, for appellants.

riage of Gladys and Arles was dissolved by decree in 1985.

Gladys died testate on October 11, 1993 and was survived by her three children, Richard Fogleman, Joanne Braunschweig, and Tyanne Elliott. At the time Gladys died, Augusta's estate was still open. During the administration of Augusta's estate, her executor, Rune, who was empowered as executor to sell the property without prior court approval, filed an application to sell the residence. This was done in anticipation that there would be a legal dispute as to the validity of the legal documents. Gladys' children have filed a resistance to the application for authority to sell the residence.

The executor contends that the residence property should be sold and the net proceeds distributed, according to the written agreement, one-fourth each to Rune Gustafson, Stewart Gustafson, Bert Gustafson, and Gladys' three children (each to receive one-twelfth). The estate of Gladys Fogleman Anderson and her children contend that the agreement of October 10, 1984 is void and that the proceeds from the sale of the residence should be distributed pursuant to Augusta's codicil. Under this distribution, Gladys' children would receive the entire proceeds of the sale of the residence.

Following a hearing, the district court denied the application to sell the residence. The court ruled that the October 1984 agreement signed by Augusta's surviving children was void under Iowa Code section 561.13 (1995). The legal reason cited by the court was that Gladys was married to Arles at the time of the signing and his signature was not obtained on the agreement. The court further held that there was nothing in the record to indicate that a sale of the residence was necessary in order to pay debts of Augusta's estate. The application of the executor to sell the residence property was therefore denied.

## II. Scope of Review

■ This appeal involves a determination of the parties' rights and obligations in property devised by will. The proceeding is equitable in nature and our review is de novo. Iowa Code § 633.33 (1995); Iowa

R.App.P. 4. Similarly, a declaratory judgment action brought for the construction of a will is also subject to de novo review. *In re Estate of Rogers,* 473 N.W.2d 36, 39 (Iowa 1991).

## III. Issues on Appeal

■ The nub of this case is the vitality of the written agreement that changes the codicil to Augusta's will. Is it void, voidable, or valid? We have established in our jurisprudence that family settlement agreements are favored in law. *Waechter v. Aluminum Co. of Am.,* 454 N.W.2d 565, 568 (Iowa 1990). Voluntary settlement of legal disputes should be encouraged with the terms not inordinately scrutinized. *Wright v. Scott,* 410 N.W.2d 247, 249 (Iowa 1987). We have noted exceptions, not here involved. *In re Estate of Swanson,* 239 Iowa 294, 302, 31 N.W.2d 385, 390 (1948). The circumstances of the instant case measure the legal efficacy of a family settlement agreement against homestead rights created by statute.

■ We have an entire chapter of the Iowa Code devoted to homestead rights. *See* Iowa Code ch. 561. Our focus is on section 561.13, the pertinent part of which states:

A conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is not valid, unless and until the spouse of the owner executes the same or a like instrument, or a power of attorney for the execution of the same or a like instrument, and the instrument or power of attorney sets out the legal description of the homestead.

Our homestead law is of early origin. Substantially the same wording and meaning has prevailed since the statute's enactment in 1851. In *Sharp v. Bailey,* 14 Iowa 387 (1862), we discussed and distinguished earlier cases, reported in 6 Iowa, 7 Iowa, 9 Iowa, and 13 Iowa, involving homesteads. We held that a deed signed by husband and wife did not convey the wife's homestead interest but was only a relinquishment of her dower rights. We said:

It must be borne in mind that this homestead right is peculiarly favored, and that as a general rule, there can be no opera-

tive conveyance or an effective release of the exemption unless the mode pointed out by the statute is pursued with reasonable strictness.

. . . .

Being a higher or greater interest therefore, to relinquish dower is not a concurrence in the sale of the homestead.

*Sharp*, 14 Iowa at 390.

In *Goodwin v. Goodwin*, 113 Iowa 319, 85 N.W. 31 (1901), our court was presented with the question of Isabel and Abigail's homestead rights, both being claimed wives of J.W. Goodwin. We held that the first wife, Abigail, undivorced, had homestead rights but she did not assert them. Isabel asserted them, but had no rights because she was not a wife at all. We rejected the contention that the failure of a wife to join can only be taken advantage of in behalf of the wife. No joinder being necessary from Isabel, not a wife, with whom J.W. was living, the homestead property went to Charles, son of Abigail, by prior deed.

We sustained the homestead rights claimed in *Alvis v. Alvis*, 123 Iowa 546, 99 N.W. 166 (1904). We said:

> And it has repeatedly been held that the conveyance is void unless executed in compliance with the provisions of the statute.
>
> . . . .
>
> The conveyance was void not only in favor of the wife, but the husband, when he executed it, as well, and this is the doctrine of the cases cited. Being void, the parties all stand as though no such instrument had ever been executed.

The plaintiff in *Hostetler v. Eddy*, 128 Iowa 401, 104 N.W. 485 (1905), purchased and substantially remodeled a building based on an option to purchase in a lease signed by the defendant. The defendant refused to deliver a deed based on his being married, the property was a part of his homestead, and his wife had not signed the contract. We upheld the homestead defense, saying:

> The property being a homestead, the contract of defendant to sell was void under the statute. It was void in favor of both husband and wife.
>
> . . . .

Much is said in argument respecting the moral phase of the case, especially as affected by the conduct of defendant, shown in connection with the rebuilding of the store after the fire. But with this the courts can have nothing to do. Plaintiff, when she made her contract, knew of the occupancy of the premises by defendant and his family for home purposes, and she should have protected herself by obtaining the signature of the wife.

*Hostetler*, 128 Iowa at 406, 104 N.W. at 487. *But cf. Kettering v. Eastlack*, 130 Iowa 498, 107 N.W. 177 (1906) (contract to convey homestead valid where wife signed contract prior to conveyance of the property though not at time of contract's execution). *See also Epperly v. Ferguson*, 118 Iowa 47, 91 N.W. 816 (1902).

In *Pagel v. Tietje*, 193 Iowa 467, 186 N.W. 938 (1922), we held that the wife was not estopped to plead and prevail on her homestead defense to a demand for specific performance by her acquiescing in advertising, showing and verbally encouraging sale of the homestead.

Of similarity to the legal issue in the instant case is *Thayer v. Sherman*, 218 Iowa 451, 255 N.W. 506 (1934). E.F. Thayer signed a deed to his homestead property to his wife, without her signature, purporting to convey a life estate to his wife, remainder to E.F. Sherman. We held the attempted conveyance was void. We stated:

> And under this statute it must be held that a conveyance of the homestead by the husband alone is invalid. The provisions of this section are for the benefit of all who are interested in the homestead. It is designed as a protection to the wife and children, and the husband himself.

Appellants Gustafson and the executor of the Augusta Gustafson estate argue that even if the written family agreement was initially invalid due to the lack of consent and signature from Arles, husband of Gladys, that impediment to its validity was removed when he and Gladys divorced. Cited are authorities on the cutting off of rights after divorce that are based on the prior premarital relationship. From our study of the

cases cited in this opinion and the analysis of the homestead right as being of greater breadth and protection than a spousal right, we deem these authorities inapposite and the fact of Arles' divorce to have no effect. We note that the spouse's right is not the sole concern in the statutory language allowing a change of the limits of a homestead.

Section 561.7 states:

No such change of the entire homestead, made without the concurrence of the other spouse, shall affect that spouse's rights, or those of the children.

Further argument is made by appellants that as death releases a dower right, so should it release the homestead right. It is unclear from this record that Arles predeceased his former wife Gladys. But if he did, since the homestead right is not like the dower right, neither death nor failure to act during life will change the demands of our homestead statute. The written agreement of the heirs is not resuscitated by death.

The homestead property in Augusta Gustafson's estate passed instantly under her codicil as she provided. *DeLong v. Scott,* 217 N.W.2d 635, 637 (Iowa 1974). The written agreement was invalid and had no effect on the codicil. No legal reason for a court-ordered sale was established. The trial court's decision was correct in all particulars.

Since the probate of Augusta Gustafson's estate has been pending since 1984, it should be completed and closed forthwith.

**AFFIRMED.**