# IN THE SUPREME COURT OF IOWA

No. 77 /05-0101

Filed August 18, 2006

**BOBBY D. MARTIN, SR.,**

    Appellee,

vs.

**BOBBY D. MARTIN II,**

    Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Appanoose County, Annette J. Scieszinski, Judge.

Appeal from district court judgment ordering a parcel of land to be partitioned by sale. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED.**

Cathleen J. Siebrecht of Siebrecht & Siebrecht Law Firm, Des Moines, for appellant.

Greg A. Life of Life Law Office, Oskaloosa, for appellee.

**CADY, Justice.**

This is a partition action in which the plaintiff claims an interest in land as a tenant in common by virtue of a deed from the grantor not joined in by his spouse. The district court concluded the deed was valid and ordered the land to be partitioned by sale. The court of appeals reversed. On our review, we agree with the court of appeals. We reverse the decision of the district court.

## I.    Background Facts and Proceedings

Robert Martin Jr. ("Bobby") purchased a forty-acre tract of land in Appanoose County on contract for $12,000 on November 1, 1993. The real estate contract named Bobby as the buyer, and the sellers gave Bobby a warranty deed in 1999 after Bobby completed the payments required under the contract. Bobby lived in a mobile home located on the land.

Bobby's father, Robert Martin Sr. ("Bob"), provided funds to Bobby to assist in the purchase of the land. After the purchase in 1993, Bob moved his personal property, equipment, and numerous items described as "junk" onto the land, with Bobby's assistance. In addition, Bob made several improvements to the land. He built a pond and a driveway, cleared trees, graded the land, and installed water pipes. Bob claimed that Bobby acknowledged on numerous occasions that they both owned the land.

Bobby married on June 13, 1999. His wife, Sheryl, lived in the home located on the land until Bobby filed for divorce in November 1999. At that time, Bobby and Sheryl separated, and Sheryl moved out of the home. Bobby and Sheryl had two children together.

During the pendency of the divorce proceedings, Bob and Bobby entered into an agreement, entitled "Agreement Regarding Real Property." Under the agreement, Bob and Bobby acknowledged they both owned the forty-acre tract of land. They signed the agreement on February 21, 2000. That same day, Bobby executed a quitclaim deed that conveyed the land from himself (as the sole owner) to himself and Bob as tenants in common. Although Bobby and Sheryl were still married at the time, Sheryl did not sign the deed. Bobby apparently placed the deed in a safe, because he "thought it wasn't good" at the time, and neither Bob nor Bobby recorded the deed.

Bobby and Sheryl were divorced a year later on February 21, 2001. The court awarded the homestead property to Bobby. On July 18, 2003, after a dispute arose with Bobby, Bob recorded the quitclaim deed. There was no explanation as to how or when Bob acquired possession of the deed. Bob then filed a petition for partition on August 18, 2003. Bob claimed that he and Bobby owned the land as tenants in common by virtue of the quitclaim deed. He asked the court to have it partitioned by sale. Bobby responded to the petition by claiming Bob had no ownership interest in the land because the quitclaim deed by which Bob claimed to have acquired his interest was not executed by Sheryl as required by Iowa Code section 561.13 and was invalid. *See* Iowa Code § 651.2 (2003) (stating the defendant's answer in a partition action may deny the interest of the plaintiff); *accord* Iowa R. Civ. P. 1.1203(2). The district court held the quitclaim deed was valid, and Bob had a one-half undivided interest in the land as a tenant in common. The court ordered the land to be partitioned by sale. The district court also awarded Bob attorney fees of $2,728.52.

The district court found that the facts of this case were unique, and did not fall within the purpose of the statutory requirement under section 561.13 for the spouse to join in a conveyance of the homestead. Accordingly, it held that section 561.13 should not be applied to invalidate the deed because to do so would result in manifest injustice. The specific facts identified by the district court to support its conclusion that the statute was inapplicable were that the homestead was premarital property of Bobby, Sheryl moved from the homestead prior to the time the quitclaim deed was executed, Bobby was granted the homestead in the dissolution of marriage based on a stipulated agreement between Bobby and Sheryl, and Sheryl was not asserting any rights to invalidate the deed. Instead, the district court found Bobby was using the statute to assert a "technical defect" and that he was not seeking to use the statute to benefit Sheryl or the children. The district court also found that if the statute did apply, then the stipulation entered into by Bobby and Sheryl that included an agreement that Bobby would be awarded the homestead constituted a ratification of the quitclaim deed and validated the deed under section 561.13.

Bobby appealed. He claimed the quitclaim deed was invalid because the land constituted his homestead, he was married at the time of the conveyance, and his former wife never joined in the conveyance to Bob. The court of appeals reversed. It held the quitclaim deed was invalid because Bobby was married at the time the deed was executed and his wife did not sign the deed. It rejected any notion that the statute could be applied to support a contrary result based upon the particular equities of the case. Bob applied for, and we granted, further review.

## II.     Standard of Review

An action to partition property is an equitable proceeding.  Iowa R. Civ. P. 1.1201(1).     Therefore, our review is de novo.  *Thiele v. Whittenbaugh*, 291 N.W.2d 324, 327 (Iowa 1980) (citing *Huse v. Noffke*, 271 N.W.2d 682, 683 (Iowa 1978)).  Nevertheless, "we are justified in giving weight to the trial court's findings, especially so far as they relate to credibility of witnesses, in view of his better position to determine the real truth."    *Watts v. Archer*, 252 Iowa 592, 596, 107 N.W.2d 549, 551 (1961) (citing *Rasmussen v. Rasmussen*, 251 Iowa 414, 419, 107 N.W.2d 114, 117 (1961); *Knigge v. Dencker*, 246 Iowa 1387, 1395, 72 N.W.2d 494, 498 (1955)).

## III.    Discussion

There are many statutory and legal requirements that must be met for a deed to result in a valid conveyance.  *See generally* Iowa Code ch. 558.  One requirement is that a spouse must join in a conveyance of the homestead.  Iowa Code section 561.13 provides, in relevant part:

> A conveyance or encumbrance of . . . the homestead, if the owner is married, is not valid, unless and until the spouse of the owner executes the same or a like instrument, or a power of attorney for the execution of the same or a like instrument, and the instrument or power of attorney sets out the legal description of the homestead.

*Id.* § 561.13.

A conveyance by deed does not take place until the deed is delivered.  *See McNertney v. Kahler*, 710 N.W.2d 209, 212 (Iowa 2006) ("A deed to be operative as a transfer of real estate must be delivered." (citing 23 Am. Jur. 2d *Deeds* § 102, at 141 (2002)); *accord Orud v. Groth*, 652 N.W.2d 447, 451 (Iowa 2002) ("To effectuate transfer of title under a deed, there must be delivery, actual or symbolical, accompanied with the

intention of the grantor to transfer title without any reservation of control." (citing *Lathrop v. Knoop*, 202 Iowa 621, 623, 210 N.W. 764, 765-66 (1926); *Tutt v. Smith*, 201 Iowa 107, 110-11, 204 N.W. 294, 295-96 (1925))). Bob claims the deed was not delivered until after Bobby and Sheryl were divorced. Therefore, he argues, the "conveyance" under section 561.13 did not occur during the time Bobby was married, and Sheryl's signature was not needed to pass title. *See* Iowa Code § 561.13 ("A conveyance or encumbrance of . . . the homestead, *if the owner is married*, is not valid, unless and until the spouse of the owner executes the same or a like instrument, or a power of attorney for the execution of the same or a like instrument, and the instrument or power of attorney sets out the legal description of the homestead." (Emphasis added.)).

There is a longstanding presumption that delivery occurs on the date the deed is signed. *Orud*, 708 N.W.2d at 76 (citing *Conway v. Rock*, 139 Iowa 162, 164, 117 N.W. 273, 274 (1908)); *accord Klosterboer v. Engelkes*, 255 Iowa 1076, 1083, 125 N.W.2d 115, 119 (1963) ("In the absence of evidence to the contrary a recorded deed is presumed to have been delivered on the date of its execution and acknowledgment."); *Richardson v. Estle*, 214 Iowa 1007, 1009, 243 N.W. 611, 613 (1932) ("In the absence of evidence to the contrary, the deed was presumed to be delivered on the date of its execution."); *Hall v. Cardell*, 111 Iowa 206, 209, 82 N.W. 503, 504 (1900) ("The presumption is that the deed was delivered on the day of its date or acknowledgment." (citing *McGee v. Allison*, 94 Iowa 531, 63 N. W. 322 (1895); *Farwell v. Des Moines Brick Mfg. Co.*, 97 Iowa 286, 66 N. W. 176 (1896); *Nichols v. Sadler*, 99 Iowa 429, 68 N.W. 709 (1896))). In this case, the deed was signed on February 21, 2000—when Bobby was married to Sheryl. Bob bears the burden of

rebutting the presumption that the deed was delivered on that date "by clear, convincing and satisfactory evidence to the contrary." *Orud*, 708 N.W.2d at 76 (citing *Jones v. Betz*, 203 Iowa 767, 768, 210 N.W. 609, 609 (1926)).

The evidence in this case fails to rebut the presumption of delivery on the date the deed was executed. Although Bob claims in his brief "Bobby delivered the quit claim deed later, after his marriage had been terminated," there is nothing in the record to support this claim. There is no evidence of how and when Bob acquired possession of the deed. The only evidence on the issue was Bob's testimony that he "got it back later." This evidence is vague and insufficient to rebut the presumption that the deed was delivered when signed. It certainly does not establish that the deed was delivered after Bobby and Sheryl divorced. Therefore, we conclude the conveyance was attempted when Bobby was married, and the language of section 561.13 is implicated to govern the validity of the conveyance.

Section 561.13 invalidates deeds not signed by both spouses "unless and until the spouse of the owner executes the same or a like instrument" that sets out the legal description of the homestead. Iowa Code § 561.13. If the statute is not satisfied, the deed is invalid as to both the husband and the wife. *Beal Bank v. Siems*, 670 N.W.2d 119, 124-25 (Iowa 2003); *accord Hostetler v. Eddy*, 128 Iowa 401, 406, 104 N.W. 485, 487 (1905) (holding contract not signed by wife "was void in favor of both husband and wife"); *Goodwin v. Goodwin*, 113 Iowa 319, 324, 85 N.W. 31, 32 (1901) ("A conveyance of a homestead occupied by husband and wife, in which the wife does not join, is invalid for any purpose."); *see also Thayer v. Sherman*, 218 Iowa 451, 458, 255 N.W.

506, 509 (1934) ("The provisions of this section are for the benefit of all who are interested in the homestead. It is designed as a protection to the wife, the children, and the husband himself." (citing *Lunt v. Neeley*, 67 Iowa 97, 24 N.W. 739 (1885))).

The district court found section 561.13 was satisfied in this case because Sheryl executed a "like instrument" that legally described the homestead. The "like instrument" the court relied on was the stipulated dissolution decree between Bobby and Sheryl, which provided:

> the homestead of [Bobby], which was owned by [Bobby] prior to his marriage to [Sheryl], and legally described in Exhibit '1' shall be awarded to [Bobby], solely, subject to any and all amounts due upon said property to any party, including real estate taxes, which [Bobby] shall assume, pay and hold [Sheryl] harmless from any amounts due thereon.

We think the district court read the words "like instrument" too broadly. The words "like instrument" are not meant to enlarge the class of documents by which the spouse can join in the conveyance beyond instruments of conveyance or encumbrance, such as deeds or mortgages. Rather, the words "like instrument" mean only that the spouse need not sign the same deed as the owner in order to join in the conveyance. Until 1981, the statute required a joint instrument. *See* Iowa Code § 561.13 (1981) ("No conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, and the instrument sets out the legal description of the homestead . . . ."). In 1981, however, the legislature amended the statute to also allow the husband and wife to effectuate the conveyance by separate instruments:

> ~~No~~ <u>A</u> conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is <u>not</u> valid, unless <u>and until</u> the ~~husband and wife join in~~

> the execution of the same joint ~~the execution of the same joint~~ <u>spouse of the owner executed the same or a like</u> instrument, <u>or a power of attorney for the execution of the same of a like instrument,</u> and the instrument <u>or power of attorney</u> sets out the legal description of the homestead . . . .

1981 Iowa Acts ch. 81, § 1. An explanation of the bill noted that the change

> eliminates the requirement that both spouses execute the same joint instrument in order to convey or encumber the homestead. Instead, the spouse of the titleholder, if the spouses do not hold joint title to the property, may execute a like instrument or power of attorney for the execution of the instrument or a like instrument conveying or encumbering the homestead.

Explanation of H.F. 430, 69th Gen. Assemb., Reg. Sess. (Iowa 1981).

Although a decree for dissolution of marriage may constitute a muniment of title, a dissolution decree, or a stipulation, cannot be viewed as a conveyance of land to a nonparty to the dissolution of marriage. See Iowa Code § 598.21(1) (court required to divide property of the parties in a dissolution decree and transfer title of the property by such means as ordering the parties to execute a quitclaim deed or ordering a change of title for tax purposes and delivery of the deed or change of title to the county recorder). Because Bobby attempted to convey his property while he was married, and Sheryl never signed the quitclaim deed executed by Bobby-or another deed or like instrument that transferred the property to Bob-section 561.13 invalidates the conveyance.

We also reject the district court's alternative line of reasoning that section 561.13 did not invalidate the deed because

> Sheryl has never taken any action to invalidate the Quit Claim Deed; rather, it is Bobby who seizes the opportunity to plead a technical defect in his own earlier, and counseled,

act.  And, he does that solely for his own benefit and not in the stead of Sheryl or the couple's children.

This argument has no basis in our law.  Section 561.13 makes a deed *invalid*—that is, *void*—without the signature of both spouses, not merely voidable by the spouse who did not sign.  Iowa Code § 561.13; *Beal Bank*, 670 N.W.2d at 124-25; *accord Hostetler*, 128 Iowa at 406, 104 N.W. at 487 (holding contract not signed by wife, "was void in favor of both husband and wife"); *Goodwin*, 113 Iowa at 324, 85 N.W. at 32 ("A conveyance of a homestead occupied by husband and wife, in which the wife does not join, is invalid for any purpose."); *see also Thayer*, 218 Iowa at 458, 255 N.W. at 509 ("The provisions of this section are for the benefit of all who are interested in the homestead.  It is designed as a protection to the wife, the children, and the husband himself." (Citation omitted.)).

Moreover, while it may be tempting for trial judges to fashion remedies viewed to be fair and just under the particular circumstances of a case, the law has defined those concepts and must dominate the decisionmaking process.  *See Iowa State Bank & Trust Co. v. Michel*, 683 N.W.2d 95, 107 (Iowa 2004) (" '[C]ourts of equity are bound by statutes and follow the law in [the] absence of fraud or mistake.' " (quoting *Mensch v. Netty*, 408 N.W.2d 383, 386 (Iowa 1987))).  Absent constitutional concerns, it is not for courts to overlook the language of a statute to reach a particular result deemed unjust under the particular circumstances of a case.  *See Brunsdon v. Brunsdon*, 199 Iowa 1099, 1113, 200 N.W. 823, 829 (1924) ("The conclusion arrived at in this case may result in a grave injustice being done to appellees, but a court of equity cannot so expand its proper jurisdiction as to completely override statutes or ignore established doctrines.").

Our law has chosen to provide special procedures to protect homestead rights, and has defined this protection in a comprehensive manner. We have said:

> [T]he purpose of the homestead laws is "to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the State by having families secure in their homes."

*Brown v. Vonnahme,* 343 N.W.2d 445, 451 (Iowa 1984) (quoting *In re Marriage of Tierney,* 263 N.W.2d 533, 534 (Iowa 1978)). " '[T]o secure the benevolent purposes of the homestead laws,' we construe these laws broadly and liberally 'in favor of the beneficiaries of the legislation.' " *In re Estate of Tolson,* 690 N.W.2d 680, 682 (Iowa 2005) (quoting *Millsap v. Faulkes,* 236 Iowa 848, 852, 20 N.W.2d 40, 42 (1945)); *accord Elliott v. Till,* 219 Iowa 649, 656, 259 N.W. 460, 464 (1935) ("That the homestead statute must be liberally construed to effectuate its purpose, there is no question."); *Hunt, Hill & Betts v. Moore,* 219 Iowa 451, 453, 258 N.W. 114, 115 (1934) ("It has been the well-settled rule of this court to construe the homestead statute liberally in favor of the owner of the home."). This approach means we not only construe the protection of section 561.13 broadly to protect the spouse who does not join in the conveyance, but also in situations such as this, when the protection is sought to be invoked by the owner spouse who failed to obtain the other spouse's signature. The statute invalidates the conveyance and makes no distinction based on whether the non-signing spouse subsequently loses his or her interest in the homestead.

We disagree with the district court that section 561.13 did not invalidate the deed because Bobby sought to invoke the statute "for his own benefit." The statute not only exists to benefit Bobby, but the whole

family unit, including the children who remain with the parents under a joint custody arrangement. *See generally In re Marriage of Tierney*, 263 N.W.2d at 534 (noting the homestead exemption "follow[s] the homestead's award to one of the parties" in a dissolution). The statute draws clear lines, and the court cannot engage in decisionmaking that ignores those lines.

Finally, to the extent the district court relied on Sheryl and Bobby's estrangement at the time the deed was signed, we reject that reasoning as well. The statute applies "if the owner is married," Iowa Code § 561.13, and we interpret this phrase strictly, *Gustafson v. Fogleman*, 551 N.W.2d 312, 315 (Iowa 1996), to include a period of separation preceding divorce.

## IV. Conclusion

The district court erred in finding section 561.13 was satisfied, or alternatively, did not apply in this case. A conveyance was attempted while the owner was married, and the spouse did not execute the same or a like instrument joining in the conveyance. It was therefore void. Title never passed to Bob through the quitclaim deed, and Bob has not raised any other grounds to support his claim of ownership. The partition action therefore fails. We therefore affirm the decision of the court of appeals and reverse the judgment of the district court.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED.**