WOLVERTON v. COLLINS *et al.*

Conveyance: DELIVERY: PRESUMPTION. In the absence of proof to the contrary, it will be presumed that a deed in the custody of the grantee was delivered by the grantor and accepted by the grantee at the date of its execution.

*Appeal from Floyd Circuit Court.*

THURSDAY, JUNE 13.

THE plaintiff brought his action against the defendant Collins, on a judgment rendered in Wisconsin, in which action an attachment was asked and issued. The sheriff levied the attachment on certain real estate described in his return. The levy was made December 7, 1870.

On the 30th day of January, 1871, William H. Higgins filed a petition of intervention, claiming to be the owner in fee simple of the land attached, denying that Collins, either at the time of the commencement of the action or at the time of the levy, had any interest therein or that he now has, or at any time since the action was commenced has had, any interest therein, and asks the court that the levy of the attachment thereon be discharged. Issue was taken on the facts alleged in the petition of intervention,

which was tried by the court on the 7th day of the July term, 1870, and decided in favor of plaintiff. The intervenor excepted and appeals.

*Boulton & Duncan* for the appellant.

*Starr & Patterson* for the appellee.

MILLER, J.—I. On the trial, the intervenor, to sustain the ·issue on his part, offered to read in evidence a deed executed by Archibald Collins and Susan Collins, purporting to convey the land attached to the intervenor, Higgins, dated November 15, 1870, duly acknowledged on the same day, and indorsed by the recorder of deeds of Floyd county, filed for record January 27, 1871, and duly recorded. Plaintiff objected to the reading of the deed in evidence, unless it was first shown that the deed was delivered by the grantors and accepted by the grantee previous to the date of the levy of the attachment, and that the grantee paid some consideration for the purchase of the land previous to that time. The court on these grounds excluded the deed, and this is assigned as error.

The statute provides that: "Every instrument in writing affecting real estate, which is acknowledged or proved and certified as hereinbefore directed, may be read in evidence without further proof. Rev., §§ 2235, 4001. The deed offered by appellant was duly acknowledged and certified. No objection is made to the deed in these respects. The court erred in its exclusion. The deed, being in the custody of the grantee, will be presumed, in the absence of proof to the contrary, to have been delivered and accepted, and it is not necessary, in the first instance, to prove that any consideration passed from the grantee to the grantors. The deed itself imports a consideration. Rev., § 1824. See, also, 1 Pars. on Cont. 428, 429, and authorities cited.

II. The appellant, on the trial, offered G. F. Boulton as a witness, and proposed to prove by him that the witness received the deed by due course of mail, from Higgins as his agent, about the last of December, 1870, and that he, the witness, caused the same to be recorded. This evidence was objected to, and excluded on the ground that the letter and wrapper inclosing the deed were the best evidence. In this ruling, also, there was error. It was not proposed to prove, by the witness, the contents of the letter, but to establish the *fact* of the receipt of the deed, and the time when it was received. This could not be done by the letter or wrapper or by both combined. These facts rested outside the letter and in the memory of the witness.

The judgment of the circuit court is

Reversed.