KIBBY ET AL. V. HARSH ET AL.

1. **Practice:** EVIDENCE: SUBSTANTIAL RIGHTS TO BE CONSERVED. Under § 2690 of the Code, which provides that "the court must, in every stage of an action, disregard any error or defect in the proceeding which does not affect the substantial rights of the adverse party," *held* that the omission of plaintiffs in this case to prove that they were the heirs and only heirs of him from whom they claimed to inherit the land in question, was no proper ground for reversing a decree in their favor.

2. **Evidence:** TO PROVE A DEED A MORTGAGE. It is a well established rule that the evidence required to show that a conveyance absolute on its face was intended as a mortgage, must be clear, satisfactory and conclusive.

3. ———: CONFLICTING TITLES: GOOD FAITH: BURDEN OF PROOF. Where a prior purchaser seeks to quiet his title as against a subsequent purchaser, who alleges that he is an innocent purchaser without notice and for value, the *onus* is upon the subsequent purchaser to prove these allegations of his answer.

*Appeal from Shelby District Court.*

SATURDAY, JUNE 9.

ON the twenty-sixth day of June, 1880, the defendants, W. P. Kimball and Clara Kimball, his wife, conveyed one hundred and sixty acres of land in Shelby county by deed of warranty to George Kibby. Kibby died intestate on the twenty-second day of September, 1881, and said conveyance was not filed for record until after his death. On the fourth day of October, 1881, the defendants, W. P. Kimball and Clara Kimball, made another deed of warranty of the land to the defendant, J. W. Harsh. This last deed was filed for record on the fifteenth day of October, 1881, and the deed made to Kibby was filed on the same day, but about two hours after the filing of the deed to Harsh.

This action was brought by the widow and children of Kibby to set aside and cancel the deed made to Harsh, upon the ground that the same was fraudulent and without consideration.

The defendants by their answer averred that the deed made by Kimball to Kibby was intended by the parties thereto to be a mere mortgage, or security for the payment of money owing by Kimball to Kibby. It was further averred by Harsh that he was an innocent and good faith purchaser of the land for value, and that, at the time of the delivery of the deed to him, he had no notice, either actual or construct-ive, of the existence of the deed to Kibby. Harsh also charged in his answer that the deed to Kibby was fraudulent, and was made to hinder, delay and defraud the creditors of Kimball.

The cause was tried in the court below upon written evi-dence in the form of depositions, and a decree was entered for the plaintiffs, from which the defendants appeal.

*Smith & Cullison*, for appellants.

*Macy & Gammon* and *Platt Wicks*, for appellees.

ROTHROCK, J.—I. It is alleged in the petition that the plaintiffs are the heirs at law of George Kibby, deceased, and

1. PRACTICE: evidence: substantial rights to be conserved.

the owners of the land in controversy. The an-swer contains an allegation in these words: "That as to whether the plaintiffs are the heirs and only heirs of George Kibby (the defendants), have not sufficient knowledge or information whereof to form a belief."

The first point made in the argument of counsel for appel-lants is that there is no evidence that the plaintiffs are the heirs and only heirs of Kibby. It is true, it is not affirma-tively shown that all the plaintiffs are the children of Kibby. But it is shown that Julietta Kibby, one of the plaintiffs, is his widow, and that the plaintiffs, George Kibby and L. D. Kibby, are his sons.

Now, while it is true that the record contains no formal proof that the other plaintiffs are children of the intestate, yet we think that this decree should not be reversed for that reason. Whether the question of the failure to make strict proof that

the other plaintiffs were children of George Kibby was made in the court below, the record does not show. And whether one joint tenant or tenant in common may maintain an action to remove a cloud from the common title, we do not propose to determine. We have received no aid from the counsel on either side of the case on that question. But we think, in view of the fact that no rights of the defendants are affected by the failure to make such proof, it is a most opportune occasion to apply the provisions of the statute, which require that "the court must, in every stage of an action, disregard any error or defect in the proceeding which does not affect the substantial rights of the adverse party    *    *    *    * ." Code, § 2690.

II.   As has been stated, the testimony was taken in the form of depositions.   The defendants took the depositions of **2. EVIDENCE to prove a deed a mortgage.** W. P. Kimball and Clara Kimball, and these depositions consist largely of personal transactions and communications between said witnesses and George Kibby, the intestate. This testimony was taken over the plaintiffs' objection, and presented to the court for its consideration. It is conceded to be incompetent under section 3639 of the Code. We are furnished with no excuse from counsel for taking this testimony in plain violation of the statute. But we are asked to consider it, because counsel for appellees made no objection thereto of record, other than the objections noted in the depositions. We have consumed enough time in examining this testimony, without now determining any question in regard to it. If we were to concede it to be properly in the case, we would still feel it our duty to hold that the defendants have not made such a state of proof as to authorize a finding that the conveyance made to Kibby was intended as a mortgage. We decline to enter upon a discussion of the evidence. It is enough to say that an examination of it shows that there is not a preponderance with defendants upon the merits of the case, to say nothing of the well understood rule, that the evidence required to

show that a conveyance was intended as a mortgage must be clear, satisfactory and conclusive.

III. The defendant, Harsh, claims that he is an innocent purchaser without notice and for value. It was incumbent

3. ——: conflicting titles: good faith: burden of proof.

on him to prove these allegations of his answer. *Sillyman v. King*, 36 Iowa, 207. There is no evidence in the record before us that he paid anything for the conveyance to him. He was not examined as a witness, and Kimball does not state in his testimony that he received any consideration from Harsh.

AFFIRMED.