CHARLES H. ERWIN, RESPONDENT, v. DAVID CURTIS, APPELLANT.

*Evidence — oral evidence is admissible to prove a deed. absolute in form, to be a mortgage — the evidence, however, must be c ear and decisive.*

This action was brought by the plaintiff against one David Curtis to have a quit-claim deed, dated August 26, 1880, executed by the plaintiff to Curtis, declared a mortgage, and that plaintiff be allowed to redeem, or that Curtis reconvey, reserving to himself a life estate. It was alleged in the complaint that while a mortgage given by the plaintiff upon the premises in question was being foreclosed, he, to prevent a sacrifice thereof, applied for a loan to Curtis, who agreed to take an assignment of the bond and mortgage on condition that the plaintiff should execute a quit-claim deed of the premises for the expressed consideration of $1,500· that the plaintiff executed the deed under the agreement between them that upon the payment of the bond and mortgage, interest, costs and advances, Curtis would reconvey said premises discharged of said mortgage, or that the deed should be held for the purpose of furnishing defendant a home on said premises during his life and that of his wife.

*Held,* that as the plaintiff was attempting to prove that the deed was a mortgage, and not to establish an oral trust, oral evidence was admissible to prove that the alleged agreement was made.

That the evidence, required to show that a deed absolute in form was intended as a mortgage, must be clear, explicit, unequivocal and convincing.

*Kibby* v. *Harsh* (61 Iowa, 196); *Johnson* v. *Van Velsor* (43 Mich., 208); *Campbell* v. *Dearborn* (109 Mass., 145); *Null* v. *Fries*, 1 Cent. Rep., 612) followed.

APPEAL from a final judgment in favor of the plaintiff, entered in Steuben county September 17, 1885, and from an interlocutory judgment entered January 9, 1885.

The action was brought in the lifetime of David Curtis, who died after this appeal, whereupon Josiah Curtis, his administrator and heir-at-law was substituted as defendant. The action was brought to have a quitclaim deed, dated August 26, 1880, executed by the plaintiff to David Curtis, declared a mortgage, and that the plaintiff be allowed to redeem, or that said David reconvey the premises, reserving to himself a life-estate. The complaint alleges, and the answer admits, that on or about February 14, 1877, the plaintiff, being the owner of certain described premises in the village of Painted Post, Steuben county, New York, upon which was a dwelling house occupied by plaintiff as a residence for himself and his family, did, with his wife, execute and deliver to the Southern

Tier Savings Bank a mortgage of said premises, as collateral to his, bond to secure the payment of $1,000, one year from the date, with interest ; that afterwards, and about September 17, 1878, said bond and mortgage were duly assigned to Eleanor C. Hermance ; that at some time prior to August 26, 1880, said Eleanor C. Hermance commenced an action of foreclosure of said mortgage, against the plaintiff; that the defendant procured said bond and mortgage to be assigned and transferred to him by said Eleanor C. Hermance, upon the payment to her of the amount secured thereby and the interest and the costs of said action ; that plaintiff executed and delivered to defendant a quitclaim deed of said premises.

*A. S. Kendall,* for the appellant.

*G. T. Spencer,* for the respondent.

ANGLE, J. :

The controlling questions in this case arise under the issue, taken by the defendant to the allegations in the complaint : that while the Hermance foreclosure was pending, the plaintiff, in order to prevent a sale thereunder and a probable sacrifice of the property, applied to defendant for a loan of money sufficient to pay the mortgage and costs ; that defendant refused to loan plaintiff, or assist him otherwise than by procuring an assignment of the Hermance bond and mortgage, and on condition that plaintiff should execute to defendant a quitclaim deed of the mortgaged premises for the expressed consideration of $1,500, to consist of the amount of said bond and mortgage, interest and costs, and such further sum as should amount to $1,500, and thereupon said defendant procured said bond and mortgage, to be assigned to him by said Hermance, on payment by him to her of $1,000 and interest and costs, and plaintiff executed and delivered to defendant said quit-claim deed, under an agreement between them that upon payment of said bond and mortgage, interest, costs and advances, defendant would reconvey said premises, discharged of said mortgage, or that said quit-claim deed should be held for the purpose of furnishing defendant a home on said premises during his life, and that of his wife, and that he should release and reconvey, to plain-

tiff, said premises, subject to or reserving for himself and his said wife a home upon said premises.

The appellant makes two points: First. That the agreement alleged and attempted to be proved is an agreement for a trust, and cannot be proven by parol. (Citing 2 R. S., 134, 135, § 6, Laws 1860, chap. 322; *Cook* v. *Barr*, 44 N. Y., 156; *Hutchins* v. *Hutchins*, 98 id., 56–63.)

The counsel for defendant does not contend that a deed absolute in form may not by oral evidence be shown to be a mortgage, and, in my opinion, that is all plaintiff is seeking to do here. He wants the property restored to him when the deed has accomplished its purpose as a security. It seems, from the evidence, on the part of the plaintiff, that as a bonus for the favor he was seeking from defendant, or for some other reason, he was willing defendant and his wife should under the deed retain a life interest in the property as a home, but this would not constitute an oral trust because defendant was himself the grantee in the deed.

The defendant's second point is that the oral evidence is insufficient to prove the deed a mortgage. The evidence (as held by some authorities) required to show that a deed absolute in form was intended as a mortgage, must be convincing beyond a reasonable doubt. (*Tilden* v. *Streeter*, 8 N. W. Rep., 502; S. C., 45 Mich., 533.) It must be clear, satisfactory and convincing. (*Kibby* v. *Harsh*, 16 N. W. Rep., 85; S. C., 61 Iowa, 196; *Johnson* v. *Van Velsor*, 5 N. W. Rep., 223; S. C., 43 Mich., 208, 214.) Each case must be determined upon its own especial facts, but those should be of a clear and decisive import. (*Campbell* v. *Dearborn*, 109 Mass., 145.) It must be clear, explicit and unequivocal. (*Null* v. *Fries*, 1 Cent. Rep., 612 [Pa., 1885].) The case does not show whether the rule indicated by the above authorities was adopted at the Special Term, or the rule indicated by another class of authorities which requires " the triers of fact in civil cases to give a verdict to the party in whose favor the evidence preponderates." *Stearns* v. *Field*, 90 N. Y., 642; *Seybolt* v. *N. Y., L. E. and W. R. R. Co.*, 95 id., 569.)

It is necessary for us, in reviewing the question of fact, as to whether this deed was proven to be a mortgage, to determine the rule governing us, and we hold it to be as stated in *Kerby* v. *Harsh*,

*Johnson* v *Van Velsor*, *Campbell* v. *Dearborn* and *Null* v. *Fries* (*supra*); and that the present case is one of the many exceptions to the general rule given in 90 New York, above.

With this conclusion in mind we have carefully examined the evidence bearing upon the question, and all the circumstances that are shown to surround the parties and the transaction, and we cannot say that there was error committed in the finding below. (*Hellburn* v. *Rosanson*, 2 N. Y. State Rep., 618.)

The judgment should be affirmed, with costs.

HAIGHT, J., concurred; BRADLEY, J., taking no part.

Judgment affirmed, with costs.