JOHN H. REICHART et al., Appellees, v. O. O. WILHELM et al., Appellants.

THE SAME v. MARY J. WILHELM et al., Appellants.

Deed: DELIVERY: EVIDENCE. Where an insolvent debtor, about ten months before his death, executed two deeds, the one to his wife and the other to his son, conveying to each an undivided one-half interest in certain lands, but up to within a short time before his death con-

tinued to exercise acts of ownership over such land, and such owner-
ship was admitted by said grantees, and after the death of said
grantor the deeds were found in his dwelling-house in a box where his
private papers had been kept for many years, but such box had no
lock and key, and the son had access thereto as a place of deposit for
his private papers, and a few days after his father's death the son
took the deeds from the box, and filed them for record, *held*, that the
evidence did not show a delivery of the deeds, and that a conveyance
by the son of his interest in said land, made after his father's death,
was void as against the creditors of the father's estate.

*Appeal from Cedar District Court.*—HON. J. D. GIFFEN,
Judge.

.SATURDAY, OCTOBER 17, 1891.

ACTION in equity by the creditors of the estate of
B. Wilhelm, deceased, against Mary J. Wilhelm, his
widow, and O. O. Wilhelm, his son.   The relief sought
is the setting aside of certain alleged conveyances of
land by the deceased to the defendants, and subjection
of the property to the payment of the claims of the
plaintiffs.   There were decrees for the plaintiffs, and
the defendants appeal.—*Affirmed.*

*Wheeler & Moffitt,* for appellants.

*Wolf & Hanley, W. N. Treichler* and *E. M. Brink,*
for appellees.

ROTHROCK, J.—The two causes have been sub-
mitted to us upon the same abstracts and arguments,
and both will be disposed of in one opinion.   The
actions, being in equity, are triable anew in this court,
and are to be determined upon the preponderance of
the evidence, and the equitable rights of the parties.
arising therein.
    B. Wilhelm died intestate on the nineteenth day
of May, 1888.   His estate was insolvent.   The valid
claims against the estate amounted to about two thou-
sand dollars.   The greater part of this sum will be lost

to the creditors if the land in controversy should be held to be the property of the widow and son, who are defendants in these actions. There is no dispute that B. Wilhelm was the owner of the land until about July 27, 1887. The defendants claim that on that day B. Wilhelm executed two deeds of the land, which conveyed to them each an undivided half of the same, and that said deeds were made for a valuable and full consideration. It is claimed in behalf of the creditors that these deeds were never delivered to the defendants by B. Wilhelm, nor by anyone for him. The undisputed fact is that when he died the deeds were found in his dwelling-house in a box where his private papers had been kept for many years. The box belonged to the deceased, and he had control of it. There was no lock and key to it, and the defendants had access to it, and it was also used by O. O. Wilhelm as a place of deposit for his private papers. Some three days after the death of B. Wilhelm the defendant, O. O. Wilhelm, took these deeds from the box, and filed them for record in the county recorder's office. The defendants both testify to certain facts which transpired at about the time of the date of the deeds, which tend in some degree to show an actual delivery. They state, or perhaps it is more accurate to say, that O. O. Wilhelm testified that the deeds were delivered. But the whole record is barren of any evidence of a delivery other than the placing of the deeds in the box. It is true that both of the defendants had access to the box, but in view of the fact that the deeds were not recorded, and the further fact of the relation of the parties, and the other evidence in the case, our conclusion is that it ought to be held as established by the evidence that there was no delivery of the deeds. We need not recite the other evidence in the case. It consists of acts of ownership exercised over the land by B. Wilhelm up to within a very short time before his death;

the admissions of both of the defendants touching such ownership; the practical absorption of the whole of the personal estate by O. O. Wilhelm, to the exclusion of the creditors, upon what appears to be a very doubtful right; the recital in the deed to Mary J. Wilhelm is that it was in consideration of "love and affection and other values and one dollar," and other facts appearing of record.

Having found that there was no delivery of the deeds, the title to the land did not pass thereby; and a deed of the undivided half of the land, made by O. O. Wilhelm to Mary J. Wilhelm, after the death of B. Wilhelm, was void as to the creditors, because he had no title to convey. In our opinion the decree is fully supported by the evidence.    AFFIRMED.