PARLIN, ORENSDORFF & MARTIN Co., Appellant, v. A. C. DANIELS, Defendant, and JOSIAH POORBAUGH, Intervener.

**Delivery of Deed:** REBUTTAL OF PRESUMPTIONS FROM POSSESSION. Where a non-resident defendant's real estate was attached at suit of a creditor, and defendant's father-in-law intervened, claiming title through a deed from defendant dated prior to the attachment, but not recorded till afterwards, and the evidence showed that defendant executed a lease of the premises

in his own name after the date of the deed, and received rent for one quarter after the levy of the attachment, and that, thereafter, intervener's son, who was also defendant's employe, received the rent, such evidence was sufficient to rebut the presumption of delivery arising from the intervener's possession of the deed, and hence an order dismissing plaintiff's petition and discharging his levy was erroneous.

SECRET TRUST:  *Evidence.*  Where a defendant debtor whose real estate is attached has executed a lease, and received rent as owner, after the delivery of a deed to his father-in-law, who intervenes in the action, and such deed is not recorded until after the attachment, such circumstances constitute evidence of a secret trust in the intervener in favor of the defendant, and hence an order dismissing plaintiff's petition on the evidence and discharging the levy was erroneous.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

THURSDAY, MAY 24, 1900.

THE plaintiff began suit on thirty-three notes executed by the defendant, amounting in the aggregate to one thousand three hundred and eleven dollars and thirty-three cents, on the fifth day of February, 1897. The defendant, A. C. Daniels, is a nonresident. On the same day a writ of attachment was levied on lot 4, block 10, in Collins, as his property. Due service was had by publication. March 22, 1898, Josiah Poorbaugh filed a petition of intervention, in which he averred his ownership at the time of the levy, acquired through a deed dated February 18, 1896, and filed for record March 8, 1897. The plaintiff, by answer, put in issue the averment of ownership, and alleged that the deed was fraudulent. Trial to the court resulted in an order dismissing the petition and discharging the levy. The plaintiff appeals.—*Reversed.*

*J. F. Martin* for appellant.

*Funson & Gifford* for appellee.

LADD, J.—Possession of the deed was *prima facie* evidence of its delivery, and, but for circumstances indicating the contrary, it would be assumed to have been delivered at the time of its date. *Furenes v. Eide,* 109 Iowa, 511; *Robinson v. Gould,* 26 Iowa, 89. See cases collected in note to *Blanchard v. Tyler,* 86 Am. Dec. 63.

Though dated February 18, 1896, it was not recorded until March 8, 1897. When acknowledged, does not appear. January 29, 1897, Daniels was at Collins, and rented the lot as owner, signing a lease as such, and received rent for one quarter after the levy of the writ, February 5th previous. Thereafter, and up to April 1, 1898, the rent was paid to H. K. Poorbaugh, son of intervener, and employe of the defendant. He must be assumed, in the absence of any explanation, to have been acting therein for Daniels, as the obligation of the lessee runs to him. A son of intervener, who was manager of the defendant's hardware business at Collins, testified that he had learned something of this sale in February or January, 1897, and that he "did not know that any one owns the place but A. C. Daniels, and father, intervener herein, did not purchase the same." The evidence is very meager, and we are not sure the witness meant to be understood as saying his father had not in fact purchased, or that he did not know that he had not. While the recording of a deed is not essential as against an attaching creditor, its delivery is. And we think the evidence in this case, in the absence of any explanation, may well be deemed sufficient to overcome the presumption arising from the possession of the deed at the trial, and to indicate it did not pass to Poorbaugh before it was filed for record. The grantee was the defendant's father-in-law. The deed was withheld from record until needed to protect the property in Daniel's possession, and during all the time he controlled and leased the lot as his own and collected the rents.

But even if this presumption of delivery has not been overcome, the possession of the land, with the unequivocal acts of ownership over it, is a badge of fraud, which, in connection with the failure to record the deed, and the relationship of the parties to it, in the absence of all explanation, authorized the court to conclude that intervener held the poperty in secret trust for the benefit of the defendant. See Wait Fraudulent Conveyance, section 265; Bump Fraudulent Conveyance, section 62. The petition of intervention should have been dismissed.—REVERSED.