HANORA CONWAY v. JOHANNA ROCK, BRIDGET DUFFY and LUCY COAKLEY ET AL., and Another Case Consolidated Therewith.

**Deeds:** DELIVERY: SUBSEQUENT DESTRUCTION BY GRANTOR. Upon delivery of a deed title to the property passes immediately, and is unaffected by the subsequent possession and destruction of the deed by the grantor, without the knowledge or consent of the grantee.

**Same:** CONSIDERATION: INNOCENT PURCHASERS. A gift of property by deed becomes complete upon delivery, and subsequent grantees will not be protected as innocent purchasers, unless they plead or prove they paid a valuable consideration.

**Attorney and client:** PRIVILEGED COMMUNICATIONS. The testimony of an attorney in relation to the preparation of deeds, who acts merely as a scrivener, the grantor taking no counsel of him as a lawyer but merely directing him how to draw the

conveyances, is not privileged as a communication between attorney and client.

**Deeds:** DELIVERY: INFERENCE FROM POSSESSION. Delivery of a deed at the time of its execution will be inferred from its unexplained possession by the grantee for a long time after its execution.

*Appeal from Iowa District Court.*— HON. R. P. HOWELL, Judge.

THURSDAY, JULY 9, 1908.

ON December 3, 1903, Hanora Murphy signed a deed conveying twenty-five acres of her eighty-five-acre farm to Hanora Conway, and another deed conveying the remaining sixty acres to Johanna Rock, Bridget Duffy, and W. M. Slater. The grantees were her daughters, except Slater, who was a grandson. These deeds were destroyed in February, 1904, and on the 11th day of August, 1905, Hanora Conway filed in court an application for the appointment of a guardian of her mother, and the temporary appointment was made five days later. On October 23, 1905, Mrs. Murphy executed a deed of the eighty-five acres to two of the grantees above named, Mrs. Rock and Mrs. Duffy, and another daughter, Lucy Coakley, and this was recorded June 5, 1906. Ten days prior to the recording trial on the above application was had, resulting in a finding that Mrs. Murphy was of unsound mind and the appointment of a permanent guardian. See *Conway v. Murphy,* 135 Iowa, 171. In this suit the grantees in the first deeds allege delivery, and pray that their title to the respective tracts be established and quieted in them, as against the grantees in the last deed; and the two suits therefor were consolidated. The answer denied the delivery of the deeds, and alleged the same were destroyed by Mrs. Murphy, without delivery, with the consent and acquiescence of the grantees therein, and that, in any event, when the second deed was delivered, the

grantees therein were without notice of the execution of the former deeds. Decree was entered as prayed, and defendants appeal.— *Affirmed.*

*Dower & Murphy,* for appellants.

*R. W. Pugh, Thos. Stapleton,* and *M. J. Wade,* for appellees.

LADD, C. J.— The deed of twenty-five acres by Hanora Murphy to Hanora Conway as grantee, and that of the remaining sixty acres of her farm to H. W. Slater, Bridget

1. DEEDS: delivery: subsequent destruction by grantor.

Duffy, and Johanna Rock were signed and acknowledged December 3, 1903, and, if delivered, passed title to each tract immediately, regardless of whether the conveyances subsequently were destroyed. That the grantor obtained possession of them in February following and destroyed them can make no difference, for this is not shown to have been with the consent or acquiescence of the grantees. Even if Mrs. Conway at one time did express the purpose of destroying them, it was never executed. Besides the answer alleges destruction of the deeds before delivery, not afterwards.

So, too, it is immaterial whether any consideration passed for the first deeds, for the grantor had the right to give the property away if she chose to do so; and, if the

2. SAME: consideration: innocent purchasers.

gift was complete, she retained no title to convey in the deed which she executed October 23, 1905, to Mrs. Rock, Mrs. Duffy, and Mrs. Coakley. The grantees in the last deed cannot be protected as innocent purchasers, unless they pleaded or proved that they paid a valuable consideration, and this they did not do. *Sillyman v. King,* 36 Iowa, 207; *Nolan v. Grant,* 53 Iowa, 392; *Kibby v. Harsh,* 61 Iowa, 196; *Fogg v. Holcomb,* 64 Iowa, 621. See *Walter v. Brown,* 115 Iowa, 360.

Objection was interposed to the testimony of Pugh, as a disclosure of a privileged communication between attorney and client, but the record shows that, though an attorney at law, he was acting solely in the capacity of a scrivener, in the preparation of the deeds. Mrs. Murphy did not take counsel with him as a lawyer, but directed him how the conveyances were to be drawn, and he prepared them accordingly. There were no communications, such as are privileged under the statute, excluding confidential communications between attorney and client. *Mueller v. Batcheler,* 131 Iowa, 650.

3. ATTORNEY AND CLIENT: privileged communications.

The only remaining question is whether the first deeds had been delivered prior to their destruction. The grantor was a native of Ireland, was over eighty years of age, hard of hearing, with vision impaired, and sick in bed at the time. Pugh, at her request, came to her home, which was with a daughter, Mrs. Conway, and with the assistance of the latter ascertained that Mrs. Murphy desired these deeds prepared. He drew them as she directed, and turned them over to Mrs. Conway, in pursuance of her instructions. As this was unconditional, it operated as a delivery of the deed in which Mrs. Conway was grantee. Moreover, from the proof of possession by the latter for a long time thereafter, in the absence of explanation, delivery is to be inferred. *Wolverton v. Collins,* 34 Iowa, 238; *Craven v. Winter,* 38 Iowa, 471. It is also to be presumed that such delivery was on the date of the deed. *Nichols v. Sadler,* 99 Iowa, 429; *Parlin, Orensdorff & Martin v. Daniels,* 111 Iowa, 640. But Mrs. Conway was not a grantee in the other deed, and the inquiry arises whether what was done with reference to the deed of the sixty acres of land indicated that the grantor intended that title thereto pass to the grantees therein named.

4. DEEDS: delivery: inference from possession.

Upon a separate examination of the record a majority of the members of the court have reached the conclusion that

there was such a delivery of the deed as that transfer of title was effected. Though entertaining a different view, the writer of necessity yields to the tyranny of numbers, and the decree must be, and it is, *affirmed*.