HERMAN WITT, Appellant, v. FRITZ GEORGE WITT, Appellee (and five other cases).

DEEDS: Absolute? (or) Testamentary?—Absolute? (or) Revocable?—
1  Mistake—Burden of Proof.  A deed executed, delivered and accepted, vesting instant title in grantee, with enjoyment postponed, is beyond grantor's recall, except on a clear and convincing showing of mistake, of which showing grantor must assume the burden of proof.  *Held*, such mistake was not shown on the part of a father in making deeds to his children.

DEEDS:  Delivery—Presumption from Recording—Burden of Proof
2  to Overcome.  The recording of a deed raises a presumption of delivery, the burden of. proof to overcome which rests on the grantor.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

SATURDAY, FEBRUARY 12, 1916.

THE several cases above entitled, as presented· to this court, involve the same questions of law and fact and have been submitted together.  The plaintiff, by warranty deed, made and executed separate deeds of conveyance of as many

different tracts of land to the defendants, who are his children and grandchildren. Some four years later, he brought this suit in equity to set aside all said conveyances, alleging as ground for such relief that, at the time of making them, he desired and intended to make a will only, and that, by reason of his own lack of knowledge and his inexperience and his inability to fully understand the language employed and by reason of the mistake of the scrivener who prepared the instruments, deeds were drawn and executed and placed of record. He further alleges that it was fully understood in each case by both grantor and grantee that such deed was testamentary only and was not intended to pass and did not pass any present interest in the land to the grantee. Because of such alleged material mistake and to remove the cloud so created upon his title, he asks that the conveyances be held for naught and the title be quieted in himself. The trial court in each case dismissed the petition, and the plaintiff appeals.— *Affirmed.*

*Snell & Randall,* for appellant.

*Van Oosterhout & Kolyn, Gerrit Klay, Hutchinson & Gantt,* and *Heald & Cook,* for appellees.

WEAVER, J.—The argument for appellant is limited to the following points: (1) That it clearly appears that the instrument in each case was made with no intention to pass a present interest; that it was testamentary in character and should be held not to effect a conveyance; (2) that, by mistake of the scrivener, the proper words to express the meaning and intent of the appellant were not employed in drawing the papers, and that, by reason of plaintiff's inability to read the English language, he was not negligent in failing to discover the mistake or in believing that the instrument was testamentary in character; and (3) that there was no delivery of the deeds.

I.  The first and second propositions may be considered together.  There is nothing whatever in the language of the conveyances indicating a mere testamentary purpose.  They are, in form at least, deeds of conveyance pure and simple, although some of them contain a clause intended to reserve or control the possession of the property, during the life of the grantor.  Manifestly, and under familiar rules, a deed of conveyance sufficient upon its face to vest title in the grantee can be deprived of its effective force and converted into a mere testamentary promise, revocable at any time by the grantor, only upon clear and convincing evidence.  The trial court found that plaintiff had failed in this respect, and we think the conclusion so announced is inevitable upon the record.

1. DEEDS: absolute? (or) testamentary? absolute? (or) revocable? mistake: burden of proof.

It appears without substantial dispute that plaintiff, a man then considerably advanced in years, was about to go to a hospital for surgical treatment.  He appears to have consulted one Gearhart, a conveyancer, who has since died, concerning the disposition of his property, with a view to the possibility of a fatal result of the operation which he was to undergo.  He now says that the advice he sought was with respect to the making of a will, and that he understood that the result of the transaction and the effect of the papers made was to provide a mere testamentary provision, by which his property was to be disposed of, in case of his death.  But the admitted facts conclusively show that his testimony is mistaken, and that he undertook, by deeds of conveyance, to render a will unnecessary; for, as a result of such consultation, Gearhart at once addressed a letter to each of the appellees, in the following form:

"Your father, Mr. Herman Witt, has instructed us to write you and have you come down to Hawarden, and meet him at our office, just as soon as possible.  Your father expects to go through an operation at the hospital at Sioux City, and

has prepared deeds to most of his children, and to make these deeds valid, they must be delivered to each and every one of the children to whom he has deeded. These deeds, as soon as delivered, will be returned by you to a third disinterested party to hold until after your father's death. This third party has been instructed by him to return to you at once after his decease the deed. After deeds have been delivered to the third party, your father cannot get them back, nor you cannot get them until after his death. Trust you will realize the importance of this matter and come at once, so that the matter can all be closed up.''

Responding to this notice, the grantees, or several of them, went to Hawarden, where they met plaintiff and Gearhart, and the deeds were made. These deeds were delivered to the grantees, then handed back to Gearhart, who was to keep them, as suggested in his letter. Similar deliveries of the other deeds in controversy were made about the same time. It may be that plaintiff had an erroneous belief in his own mind that, if he survived the surgical operation and desired so to do, he could recall the deeds, but this seems hardly possible; for the deeds were placed of record, and he appears never to have asserted any right to repudiate the conveyances until shortly before this litigation was instituted, when he learned that one of the sons had mortgaged the property deeded to him. The father's dissatisfaction over this incident led him, doubtless, to regret the conveyance, with the result that he appears to have finally convinced himself that none was in fact intended. Of course, the fact that he was then considering the possibility of death, and desired to arrange for a disposition of his estate, is entirely consistent with his present theory that he intended to make a will, but it is equally consistent with what he in fact did. Many careful men prefer to distribute their bounty to their beneficiaries by deeds in their lifetime, or to deposit the instruments with a third person for delivery upon the grantor's death, thereby

avoiding the necessity and expense of probate, to say nothing of the possibility of dissension and litigation over the validity, construction or effect of a mere devise. What he did may be said to have all the effect of a will which has been admitted to probate and placed beyond dispute or contest. It is, further, quite satisfactorily shown that, before plaintiff became dissatisfied, as above stated, he talked with others, relating to them what he had done, saying that he had deeded his property to the grantees and that he had thus distributed and disposed of his estate as he desired. Without further discussion at this point, it is enough to say that the burden is upon plaintiff to prove the alleged mistake and that not only has he failed so to do, but the clear preponderance of the evidence is in favor of the defendants.

II. Nor do we find any merit in the claim that there was no delivery of the deeds. It is true that the mere transfer of manual possession of a deed does not necessarily constitute a complete conveyance, unless it was so intended. But the fact that the deed is found in the grantee's possession or upon record creates a presumption of delivery, and here again the burden is upon the party denying it. Practically all the proved facts strengthen and confirm this presumption. The delivery of the deeds is clearly proved. It is not sufficient for the grantor now to say that he did not intend a delivery when, in addition to his act in placing the papers in the hands of the grantees, or causing them to be so placed, all his contemporaneous acts and words unite to show that an actual delivery was intended.

2. DEEDS: delivery: presumption from recording: burden of proof to overcome.

The principles governing the case are all elementary, and no time need be taken for citation of authorities. For the reasons stated, the decree below in each of the cases mentioned in the caption is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.