LULU HALL MILLS, Appellant, v. A. P. HALL et al., Appellees.

**NEW TRIAL: Grounds—Newly Discovered Evidence—Diligence.** A
1  new trial will, in some instances, be granted because of newly discovered evidence even though the applicant *might* have discovered such evidence before trial and decree. So held where a party in partition proceedings, soon after trial and an adverse decree, discovered a forgotten deed which apparently confirmed her title. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 379 *et seq.*)

**EVIDENCE: Relevancy, Materiality, and Competency—Tax Receipts.**
2  On the trial of a petition for a new trial because of the discovery of an old and forgotten deed, tax receipts which show who paid the taxes before, and who paid the taxes after, the execution of such deed may be admissible.

Headnote 1:　29 Cyc. pp. 892 (Anno.), 896, 898 (Anno.)　Headnote 2: 29 Cyc. p. 978.

Headnote 1:　20 R. C. L. 292.

*Appeal from Taylor District Court.*—HOMER A. FULLER, Judge.

## JUNE 21, 1926.

### REHEARING DENIED OCTOBER 4, 1926.

The plaintiff appeals from an order by the court overruling a motion or petition to set aside and vacate a judgment in a partition suit, and for a new trial.—*Reversed.*

*J. M. Haddock,* for appellant.

*Wisdom & Kirketeg, Frank Wisdom,* and *Flick & Lucas,* for appellees.

STEVENS, J.—I. Appellant alleged, in her original petition, that she is the absolute owner of Lots 3 and 6 in Block 3, original town of Bedford, and prayed that title in her be quieted as

1. NEW TRIAL: grounds: newly discovered evidence: diligence.

against A. P. and H. K. Hall, her brothers, and their spouses, but further asked that, in the event that the court should find that she was the owner of only an undivided interest in said property, the same be partitioned and sold, and the proceeds divided according to their several respective interests. The property was originally the homestead of Seymour J. and Elizabeth R. Hall, parents of the parties named. Seymour J. Hall died August 6, 1878. From that time until the death of Elizabeth R. Hall, his surviving widow, which occurred on May 30, 1923, she occupied Lot 6 as her home. On or about December 9, 1920, she conveyed Lot 3 to H. K. Hall, and on the same date, in consideration of love and affection, she conveyed Lot 6 to appellant. The record title to the property was in Seymour J. Hall, and at his death passed to his widow and children. Appellant was, therefore, unable to establish title in herself. Recognizing this fact, she and appellee H. K. Hall, who had acquired the interest of his brother A. P. Hall in the property, filed a written stipulation, consenting to a

decree of partition upon the basis of a five-ninths interest in appellant and a four-ninths interest in appellee. The stipulation also provided that the parties would pay one half of a certain claim filed by appellee against the estate in the sum of $413.90, and that appellant should have the household goods in the home of the mother. A decree was duly entered in conformity to this stipulation, which provided for the appointment of one Elmer Brice as referee. Lot 6 was sold by the referee at public auction to appellee for $4,350, and Lot 3 for $810. Of this total, $1,288.75 was paid to the referee. On July 18th, three days following the date of the sale, appellant discovered among some old papers of her mother's a deed dated July 8, 1891, signed by herself and her brothers, conveying all of their undivided interest in Lots 3 and 6, Block 3, to their mother, for an expressed consideration of $700. The deed had not been recorded. The discovery of this instrument was promptly reported by appellant to her attorneys; and on July 29th, a petition to set aside and vacate the judgment and sale, and for a new trial, was filed.

Many questions which we do not deem in any respect essential to the disposition of the main question before us are discussed by counsel. The vital question at this point in the litigation is: Was a sufficient showing made by appellant to entitle her to a new trial? The court below was of the opinion that, in view of all the circumstances disclosed, the deed of July 8, 1891, was of little or no probative value.

The principal contention of appellee is that appellant has wholly failed to show proper diligence to discover the deed before the decree was filed. Both appellant and appellee admitted the genuineness of the signatures attached to the deed, and testified that they had no recollection of its execution. It is clear, therefore, that the deed was not considered by the parties, at the time the stipulation for a decree was signed. Appellant testified that the deed, with a large number of other papers, was found by her in a room in the home of her mother used for storage only, marked on the outside of an envelope in which they were inclosed, "E. R. Hall, old papers." Among the papers were several farm leases, canceled mortgages, notes, an old abstract, and other papers. Included in the package were two policies of fire insurance upon the dwelling house in question, expiring August

24, 1918. Both were issued to Elizabeth R. Hall. Appellant testified that she did not previously know of the package of papers or of the existence of the deed. Accompanying the deed was a statement in the handwriting of appellee, headed "Valuation and settlement with Ma and Lulu September 7, 1891." The entries on the paper indicate that they were intended to evidence a property settlement. One of the items is "120 & House —$2,500." We find nothing, however, on the exhibit explanatory of the consideration expressed in the deed. A large number

2. EVIDENCE: relevancy, materiality, and competency: tax receipts. of annual tax receipts, bearing date prior and subsequent to the deed, were offered in evidence by appellant. Prior to that date, the receipts were issued to the estate, and subsequent thereto, to E. R. or Elizabeth Hall. The court declined to admit the exhibit above referred to and the tax receipts in evidence; but, as they were offered by appellant, and are before us, we shall, in passing upon the petition, give them the same weight as though they had been received.

Appellee admitted that the purported memorandum of settlement was made by him, and that it was probably prepared in contemplation of a family settlement of the father's estate, but denied that it was carried out. The deed was acknowledged July 8, 1891, by Alfred P. Hall and appellant, and on the 29th of August, 1891, by H. Kirk Hall, appellee. On September 7, 1921, the date appearing on the memorandum of settlement, a deed was executed by Elizabeth R. Hall, conveying separate 80-acre tracts to Alfred P. and H. Kirk Hall, respectively. The memorandum of settlement contains an item, "Kirk's 80 $2,200," which is the consideration expressed in the deed to him.

No testimony was introduced by appellee. The notary taking the acknowledgment identified the deed as having been written by him, but he was unable to recall the transaction. Ordinarily, the possession of a deed by the grantee named therein is presumptive evidence of its delivery, and the burden rests upon the opposite party to explain. *Wolverton v. Collins*, 34 Iowa 238; *Reichart v. Wilhelm*, 83 Iowa 510; *McGee v. Allison*, 94 Iowa 527; *Nichols v. Sadler*, 99 Iowa 429; *Parlin, Orensdorff & Martin Co. v. Daniels*, 111 Iowa 640; *Nowlen v. Nowlen*, 122 Iowa 541; *Conway v. Rock*, 139 Iowa 162; *Witt v. Witt*, 174 Iowa 173.

No explanation of the existence of the deed or the possession thereof by appellant's grantor was attempted by anyone. The evidence disclosed that Mrs. Hall was an intelligent and capable woman; that she had a tin box in which valuable papers were kept; and that she was prompt and efficient in business. It is, of course, a remarkable circumstance that the deed, if it was intended to convey the property to the grantee, should have been withheld from record. It is also a circumstance worthy of some consideration that it was found in a package of papers which included two insurance policies of comparatively recent date. It would seem as though the grantee had purposely preserved the instrument. It seems to us that the showing made was sufficient to entitle appellant to have the decree,—which has not yet been consummated by the payment in full by the purchaser of the property, the confirmation of the referee's report, and the issuance of a deed,—set aside, and a further hearing of the facts permitted. The evidence excluded by the court, we think, was admissible, the weight and probative value thereof being for the court.

II. Appellant's title to the property rests entirely upon the deed from her mother. It is strange that neither she nor appellee remembered the execution of the deed to the mother. Appellant testified that she searched everywhere for evidence of title in her mother before the stipulation was signed, but found nothing. The search resulting in the finding of the deed was made through a large quantity of old papers and letters, preparatory to removing from the premises. No doubt, the deed concealed among the old papers could have been found by appellant prior to the trial, if the search had been prosecuted to the extent necessary. She is not, however, wholly precluded and estopped by the fact that it was possible for her to have produced the deed. She was bound to exercise diligence to discover the evidence of her title, but she cannot be held to a higher degree of diligence. We think appellant should not be denied a new trial because of negligence upon her part in the discovery of the deed. She had forgotten the transaction. A new trial may be had without serious prejudice to the interests of either party. Appellant and appellee alone are interested in the controversy. The court has full jurisdiction over the parties and full author-

ity to make provision for the protection of the appellee and for the restoration, if found necessary, of the *status quo*.

A review of the many authorities cited will avail nothing. We are of the opinion that the petition or motion for a new trial should have been sustained. Both parties, because of their forgetfulness, entered into the stipulation upon the theory that appellant could not prove title in herself. Neither had in mind the deed subsequently discovered.

For the reasons indicated, the order and ruling of the court below dismissing the petition is reversed, and a new trial granted. —*Reversed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.