H. Kirk Hall et al., Petitioners, v. District Court of Taylor County et al., Respondents.

October 18, 1927.

Rehearing Denied June 26, 1928.

*Flick & Lucas* and *Wisdom & Kirketeg,* for petitioners.

*J. M. Haddock,* for respondents.

Wagner, J.—An action entitled Lulu Hall Mills v. A. P. Hall *et al.*, involving the ownership of real estate, was begun in the district court of Taylor County. In the petition it was averred that Lulu Hall Mills was the absolute owner of Lots 3 and 6 in Block 3, original town of Bedford; and she prayed that the title be quieted in her, as against the defendants therein, A. P. Hall and H. Kirk Hall, her brothers, and their spouses, and further asked that, in the event that the court should find that she was the owner of only an undivided interest in said property, the same be partitioned and sold, and the proceeds divided according to their respective shares. The defendants H. Kirk Hall and his wife filed answer. The plaintiff, Lulu

Hall Mills, and her brother H. Kirk Hall, who had acquired whatever interest their brother A. P. Hall had in the property, signed a written stipulation, consenting to a decree of partition upon the basis of a 5/9 interest in Lulu Hall Mills and a 4/9 interest in H. Kirk Hall, and the stipulation also contained other provisions mentioned in the opinion on appeal of said cause to this court. See *Mills v. Hall*, 202 Iowa 340. A consent decree of partition was rendered in the district court, in accordance with the provisions of the written stipulation of the parties. Thereafter, an unrecorded deed was found for a portion of the real estate, in which deed Lulu Hall Mills and her two brothers were named as grantors, and their mother as grantee. A deed for the same real estate had been executed by the mother to Lulu Hall Mills. The unrecorded deed, if delivered and valid, completed the chain of title of the plaintiff to the real estate.

It was apparent to this court on the appeal that the grantors therein had completely forgotten about said deed, and that, at the time of the execution of the stipulation upon which the decree was based, it was not in their memory.

After the consent decree was rendered, and after the unrecorded deed was found, Lulu Hall Mills, plaintiff in said cause, filed therein her petition, alleging mutual mistake of fact which prompted the signing of the stipulation, and asked that the consent decree of partition which had been rendered, be set aside, and that the stipulation which had been signed by the parties to said suit by reason of the mutual mistake of fact be canceled and set aside, and that a new trial be ordered and allowed, and for other equitable relief. The trial court denied any relief to the plaintiff therein, and on her appeal to this court, the action of the trial court was reversed, as shown by the reported case, to which reference is made for some of the more salient facts involved herein. Procedendo from this court having been issued, and filed in the clerk's office of Taylor County, Lulu Hall Mills, the plaintiff, filed a motion claimed to be based upon the opinion of this court, in which she asked that the decree rendered in the trial court be set aside, and that the stipulation upon which the consent decree was based, be also set aside. H. Kirk Hall appeared, and filed objections to the granting of the relief asked. The district court, presided over by the respondent judge,

granted an order setting aside the decree theretofore entered, and also setting aside the aforesaid stipulation, upon which the consent decree was based. The defendant therein, H. Kirk Hall, took exception to that portion of the order which cancels and sets aside the stipulation hereinbefore referred to.

It is the contention of the petitioners in this certiorari proceeding that the district court did not have jurisdiction to set aside, and acted illegally in granting the order to set aside the aforesaid stipulation. A district court has power to vacate and set aside a consent decree on the ground of mutual mistake. 23 Cyc. 733; 34 Corpus Juris 419. The court had jurisdiction of the parties and of the subject-matter of the action; the relief granted was asked in the petition for new trial, and the fact therein averred that the stipulation was signed by reason of mutual mistake of fact of the parties; and the relief granted was asked in the motion filed after procedendo was filed in the district court. The relief granted was not inconsistent with, but in conformity to, the decision of this court. We said on the appeal:

"It is clear, therefore, that the deed was not considered by the parties, at the time the stipulation for a decree was signed. * * * Both parties, because of their forgetfulness, entered into the stipulation upon the theory that appellant could not prove title in herself. Neither had in mind the deed subsequently discovered."

Therefore, we found that a mutual mistake of fact was the inducement to the signing of the stipulation. The effect of our pronouncement and the granting of a new trial, thereby setting aside the consent decree, was to nullify the consent and the stipulation, which was the written expression thereof; and the stipulation was thereby eliminated from further consideration in the case.

Had the consent been oral, instead of in writing, it would hardly be contended that the consent was an element left in the case for consideration at a new trial. It would, indeed, be an anomaly for this court to grant a new trial, which has the effect of setting aside a decree based upon consent in the stipulation, induced by mutual mistake of fact, and hold that the stipulation is still in vogue. If that were true, the granting of a new trial by this court to Lulu Hall Mills would be of no benefit to her;

as, on a new trial, all that her brother would need to do, would be to introduce in evidence the stipulation, and then, regardless of the deed, which, if delivered and valid, completes her chain of title, he would be entitled to the same decree which this court, by reason of the mutual mistake of fact, set aside.

The district court undoubtedly had jurisdiction, and the legality of the action of said court is conclusively established.—*Writ discharged.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ.. concur.