F. L. KILBY, Appellee, v. H. M. MURRAY, Appellant.

**VENDOR AND PURCHASER:** Construction of Contract—Assumption
1 of Mortgage. A purchaser's written assumption of payment of a
$9,000, 6 per cent mortgage on the premises, embraces, when such

was the intent, two mortgages, one for $9,000 at 5½ per cent, and one for a sum equal to ½ of 1 per cent on said amount.

**CONTRACTS: Merger—Nonmerger in Subsequent Deed.** A contract by which a first party, not holding title to certain land, binds himself *"to cause to be conveyed"* said land to a second party, and the second party binds himself to pay therefor, is not merged in a subsequent deed from the actual title holder to second party in fulfillment of the contract.

**BILLS AND NOTES: Delivery—Nullifying Conditional Delivery.** The legal efficacy of delivering a check to an agent on the condition that the agent will hold the amount thereof pending a dispute between the maker and the agent's principal is completely undone— wholly canceled—by the later action of the maker in preventing payment of the check.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

JUNE 23, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

ACTION upon a contract of sale of real estate, to recover balance of purchase price of $450. The defense was a general denial and the affirmative pleading that the property sold was incumbered by a mortgage of $450, which had not been excepted in the contract. The case was tried to the court without a jury, and a judgment was entered for the plaintiff. The defendant appeals.—*Affirmed.*

*L. W. Fallon* and *H. M. Murray,* for appellant.

*C. W. Kellogg,* for appellee.

EVANS, J.—I. On May 1, 1919, the parties hereto entered into a contract of sale of real estate, whereby the plaintiff agreed to sell and convey and the defendant agreed to purchase and take. By such contract the plaintiff agreed to "convey or cause to be conveyed," etc., by warranty deed. It also provided that the defendant was to take the land subject to a $9,000 mortgage, "which first party assumes as part of the purchase price

1. VENDOR AND PURCHASER: construction of contract: assumption of mortgage.

with interest at 6 per cent from March 1, 1919." The legal title
to this land was in H. J. Grove. The plaintiff purported to per-
form the contract by producing a warranty deed from Grove
to his purchaser. No objection was made by the defendant to
that method of conveying title to him. It is made to appear
from the evidence that the $9,000 mortgage at 6 per cent in-
terest, subject to which the defendant was to take the land, as
provided by the contract, was in the form of *two* mortgages.
That is to say, there was a mortgage for the principal sum of
$9,000, drawing five and one-half per cent interest for a period
of 10 years from March 1, 1919. There was a second mortgage
for the other one-half per cent, namely, for 10 annual install-
ments of $45 each, which appeared upon the record as a mort-
gage for $450, and which, by appropriate reference to the first
mortgage, disclosed its relation to the first mortgage. The two
mortgages, by their terms, would together constitute a $9,000
mortgage at 6 per cent interest. The deed from Grove by which
conveyance was made excepted the $9,000 mortgage, but made no
reference in terms to the rate of interest. The defendant paid
the purchase price, less $450. He withheld this sum because of
such second mortgage. He denies his liability for the payment
of the alleged balance mainly upon two grounds:

(1) That the contract was merged in the deed, and that
the deed was silent on the rate of interest borne on the $9,000
mortgage.

(2) That he received his title from Grove; that the plain-
tiff was not a party to the deed; and that, therefore, he is in no
position to recover the purchase price.

The grounds thus stated are not quite consistent. Though
the plaintiff was not a party to the deed as such, he *was* a party
to the *contract*. The contract bound him to "cause to be con-
veyed" the land described therein. The defend-

2. CONTRACTS:
merger: non-
merger in sub-
sequent deed.

ant's promise was to pay the purchase price *to*
*the plaintiff*, not to Grove. In procuring the
conveyance of the land from Grove to the defendant, the plain-
tiff was purporting to perform his own contract, and not the con-
tract of Grove. Having performed his own contract, he was,
by the terms of such contract, entitled to the purchase price.
The amount of such purchase price must also be determined

by the terms of the same contract. Nothing less than the payment of the purchase price according to the terms of the contract would be a performance of the contract by the defendant. Without such performance, he was not entitled to take or hold the deed from Grove to himself. We hold, therefore, as did the trial court, that the plaintiff may sue upon his contract for the purchase price, notwithstanding that he was not a party upon the face of the deed; that the contract was not merged in the deed, because the defendant was not entitled to the deed until he had performed the contract. Somewhat in point is *Kladivo v. Gainês*, 191 Iowa 943.

II.     There is one other feature of the defense to be considered. One Schulmeister was agent for the plaintiff in the closing up of the transaction with the defendant. The abstract

3. BILLS AND NOTES: delivery: nullifying conditional delivery. of title disclosed the $450 mortgage as a second mortgage, and the defendant objected thereto. In making payment of the purchase money to Schulmeister, the defendant delivered to him one check for the full amount due, less $450. He also delivered to him another check for $450. He later refused payment of the $450 check, and it went to protest, and was never collected. The defendant contends that he delivered the $450 check to Schulmeister under an agreement that Schulmeister would hold such check until the $450 mortgage question "was adjusted." Schulmeister testified:

"He gave me the check. He suggested, when he gave me the check, that I hold the money until this thing was settled, some way or other. I thought we would compromise with him for it."

It is the contention of the defendant that this arrangement with Schulmeister stands as a bar to plaintiff's present recovery. Why? Upon the testimony of neither witness did it purport to be a settlement. If the plaintiff had himself been present, to agree to such an arrangement, it would have been nothing more than a tentative one, entered into with a view of attempting a settlement later. No settlement has ever been had, and each party stands, as before, upon his legal rights, whatever they may be. There is no evidence of any authority in Schulmeister to enter into such an arrangement, whereby he would arise above his principal and make himself the arbitrary custodian of his

principal's funds for an indefinite period, pursuant to this alleged agreement with the defendant. We see nothing in this circumstance which affects in any manner the right of the plaintiff to litigate the merits of the controversy over the terms of the contract. If the plaintiff were suing upon the protested check, quite a different question would be presented. The defendant might, in defense to such an action, plead the condition upon which the check was delivered. But he has no need to do that. His check was successfully protested. Whatever the arrangement entered into between him and Schulmeister, it was completely undone by the protesting of the check. By such protest the defendant restored his own status precisely to what it was before he delivered the check. He stands in the same position as he did before he delivered it. According to his own claim, he delivered the check to be held until this matter "was adjusted." The purpose of this suit is to make the adjustment. No other method seems to have been practicable.

The merits of the case are clearly with the plaintiff. The decree of the district court is, accordingly,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.