ROLLA THOMPSON, Appellee, v. GEORGE H. YOUSLING et al., Appellants.

**SPECIFIC PERFORMANCE: Contracts Enforcible—Nonmaterial Mistake.** No *material* mistake is revealed in a contract which describes the incumbrance on land as "$47,000, bearing 5½ per cent interest," when the incumbrance in fact consisted of two mortgages of $18,000 and $29,000, each bearing 5½ per cent interest.

**SPECIFIC PERFORMANCE: Contracts Enforcible.** Though a contract mistakenly describes a mortgage as providing for optional payments, yet the court may, in an action for specific performance, disregard the error, when it is made to appear that plaintiff has legally procured the consent of the mortgagee to such optional payments.

**ACTIONS: Commencement—Premature Commencement—Waiver.** An action for specific performance is premature if brought prior to the contract date for performance, even though defendant, prior to said date, gives notice that he will not perform; but the action will not be abated when defendant, after the date when performance is due, proceeds to trial on the merits.

*Appeal from Ida District Court.*—M. E. HUTCHISON, Judge.

APRIL 3, 1923.

REHEARING DENIED SEPTEMBER 19, 1923.

SUIT in equity by a vendor, for the specific performance of a contract for the purchase and sale of real estate. The defense is predicated upon a general denial, and upon allegations of false representations inducing the contract. Defendants also plead, by way of abatement, that plaintiff's suit was prematurely brought. Decree went for the plaintiff, and the defendants appeal.—*Affirmed.*

*George H. Clark,* for appellants.

*Campbell & Campbell* and *Snell Bros.,* for appellee.

EVANS, J.—I. The contract was in writing. The subject-matter thereof was a farm of 240 acres, near Ida Grove. The agreed purchase price was $290 per acre. The contract was entered into in May, 1920, and was to be performed on March 1st following. The record is very voluminous. The evidence on the trial was directed largely to two issues: (1) Whether the plaintiff complied with the contract on his own part; (2) whether the contract was induced by false representations.

It will not be practicable for us, within the appropriate limits of an opinion, to discuss the details of the evidence on these questions of fact. We have read the evidence carefully, and are in accord with the finding of the trial court thereon.

II. The plaintiff alleged a mutual mistake in the terms of the contract, and prayed reformation, and this relief was granted in the decree. The farm was under record incumbrance, at the time of the execution of the contract, for $47,000, bearing 5½ per cent interest. The scrivener described this incumbrance as a mortgage for $47,000. In fact, it consisted of two mortgages, of $18,000 and $29,000 respectively, the latter being junior to the former. Both bore 5½ per cent interest, and matured at the same time. The contract described the incumbrance as "now of record." The record disclosed no mortgage for $47,000, but did disclose the two mortgages, aggregating $47,000.

1. SPECIFIC PERFORMANCE: contracts enforcible: nonmaterial mistake.

The defendants contend that this variance was fatal to an enforcement of the contract, and that the court was not warranted in reforming the contract. The variance had no substantial or material effect upon the rights of the purchaser. We so held in *Kladivo v. Gaines,* 191 Iowa 943; also in *Kilby v. Murray,* 194 Iowa 189.

It was also recited in the contract that the $47,000 mortgage provided for optional payments. The fact was that the second mortgage, of $29,000, did provide for optional payments. Such provision was not contained in the first mortgage. The

plaintiff, however, upon the discovery of this discrepancy immediately procured the consent of the holder of the first mortgage to make the same optional as to payment. We think the trial court was, therefore, justified in ignoring this discrepancy.

2. SPECIFIC PER-
FORMANCE: con-
tracts enforcible.

III. The defendants served a notice upon the plaintiff on the last day of January, 1921, that they would not further perform the contract. Thereupon, the plaintiff forthwith, and on or about February 1st, began this suit, by serving notice and filing his petition. On March 1st, he made tender and filed a supplemental petition. The defendants contend that the bringing of the suit was premature, and that the court should have abated the action, upon final hearing, on that ground. The plaintiff contends that he had a right to bring his action forthwith, because of the notice of repudiation served upon him by the defendants.

3. ACTIONS: com-
mencement: pre-
mature com-
mencement:
waiver.

It is very clear that plaintiff's action as for specific performance was prematurely brought. Plaintiff is in error in contending otherwise. Plaintiff could properly have brought his action for damages forthwith, upon a repudiation by the defendant. By the bringing of such an action, plaintiff would waive the right of specific performance. The plaintiff had no right to specific performance at any time prior to March 1st. Manifestly, therefore, he had no basis for a suit for specific performance prior to that time. If the defendants had been ready and willing upon March 1st to perform, they could thereby have defeated the plaintiff's suit at his own costs. In such event, they would have been entitled necessarily to an abatement of the action. But the defendants elected to resist performance, and to defeat the action upon the merits. The fact that plaintiff had brought his suit prematurely became thereby of minor consequence. The old rule that an action prematurely brought must in any event be abated on that ground has become obsolete. The prevailing present rule is that, if only time is wanting to mature the action, and if such time has elapsed when an issue is presented and tried upon the merits, the action need not be abated. The plaintiff will be permitted to file supplemental pleadings, and to proceed with the trial of his case on

the merits, subject to such proper terms as the court may impose upon him by reason of his premature action. These terms usually take the form of the taxation of costs. *Gribben v. Clement*, 141 Iowa 144. The defendants did not ask for the imposition of terms. They claim nothing but the abatement of the suit. We have no occasion, therefore, to consider to what other perils the plaintiff subjected himself by his premature action. Sufficient to say that he entered upon dangerous ground, and that perhaps he narrowly escaped a possible waiver of his right to specific performance, as distinguished from damages.

No other legal questions are presented for our consideration. The predominating questions are those of fact. We are content with the finding of the district court upon these. The decree is, accordingly,—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.