LEO BARRETT, Appellant, v. FRANK WISKUS, Appellee.

**SPECIFIC PERFORMANCE:** Contracts Enforcible—Delay in Furnishing Abstract. When both parties to a contract for the exchange of lands are in default in furnishing their abstracts of title on the contract date, a party may not complain of the refusal of the court to order the contract specifically performed, when he delays tender of his abstract *until the very day* on which the full execution of the contract is required.

**CONTRACTS:** Performance or Breach—Mutual Default. Principle affirmed that, when *both* parties to an executory contract are in default prior to the date of final execution, then *neither* party is in default.

**SPECIFIC PERFORMANCE:** Contracts Enforcible—Liquidated Damages as Defense. A party defending against an action for specific performance may not insist that the plaintiff accept the liquidated damages provided for in the contract unless the contract provides, in effect, that such damages are *in lieu* of specific performance.

**SPECIFIC PERFORMANCE:** Contracts Enforcible—Indefinite Description of Land. Specific performance may be refused when plaintiff produces no evidence of the correct description of the land, even though he offers to accept a deed containing a description which would not necessarily convey the land.

**JUDGMENT:** Abatement (?) or Bar (?) A decree which intends to deny specific performance and to remit the party to his remedy for damages should specifically so provide,—should not be so drawn as to appear to bar such action for damages.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

DECEMBER 14, 1923.

SUIT for specific performance of a contract for exchange of lands. The defense was twofold: (1) That the defendant had elected to respond in liquidated damages for the breach of the contract, and that the plaintiff was, therefore, not entitled to specific performance; (2) that the plaintiff himself breached the contract, and was, therefore, not entitled to the relief prayed. Decree was entered for the defendant. Whether it was intended to be without prejudice to a claim for damages or to be a judgment in bar against any further remedy does not appear specifically therein.—*Modified and affirmed.*

*C. C. Browning* and *E. A. Wissler,* for appellant.

*Salinger, Reynolds, Meyers & Cooney,* for appellee.

EVANS, J.—I. The parties entered into a contract of exchange of lands, whereby Barrett purported to sell to Wiskus a quarter section of land in Guthrie County, at an agreed price of $44,375, and whereby Wiskus purported to sell to Barrett a small farm of about 25 acres in Carroll County, at an agreed price of $11,000, which purchase price was to be applied by Barrett as a payment upon the larger purchase price due to Barrett. The contract was entered into on July 30, 1920, and was to be fully performed on March 1, 1921. There was a further proviso therein that the parties were to deliver their abstracts respectively on January 2, 1921. The latter date was later ignored by

1. SPECIFIC PERFORMANCE: contracts enforcible: delay in furnishing abstract.

the parties, and neither delivered his abstract to the other. On January 29th, Wiskus notified Barrett that he elected not to perform the contract, and that he would suffer the stipulated damages of $2,000 provided for in the contract. To this notice Barrett made no response until March 1, 1921, when he tendered to Wiskus a warranty deed and an abstract of title to the Guthrie County land, and demanded specific performance by Wiskus, who declined the tender. Thereupon this suit was brought. The original answer of Wiskus pleaded his election to pay stipulated damages of $2,000, as provided in the contract, and he tendered a forfeiture of the $2,000 payment which he had made at the time of the execution of the contract, as a full satisfaction of his obligation. Later, he set up further defense, which was, in substance, a general denial, and a specific denial that Barrett had tendered him any proper conveyance of the Guthrie County land or any abstract which showed a good and merchantable title to the land, many alleged deficiencies in the abstract being pointed out. He further pleaded that the contract between the parties was so indefinite in its provisions that it was incapable of specific performance. The principal defect in such contract relied on was that it contained no description of the Wiskus land in Carroll County. Thereupon, the plaintiff amended his petition, and prayed a reformation of the contract so that it should express the real mutual intent of the parties. Beginning with the making of the contract and ending with Barrett's tender of deed and abstract thereunder, errors, either by the parties or by their scrivener, seemed to creep into every instrument, as a matter of course. Most of these were readily correctible in a court of equity. One or two of them, however, present serious obstacles to the remedy of specific performance. The contract entered into between the parties contained no description of the Wiskus farm, except by reference to certain records of warranty deeds described as "Book 19, page 493," and "Book 21, page 18." There was no further identification of the records thus referred to. It was clearly proved, however, that the mutual intention of the parties was to refer to the deed records of Carroll County, Iowa. The plaintiff by amendment set up the description appearing in such records, and asked that the contract be reformed so as to include such

description of the Wiskus land. The evidence of mutual intent was sufficient to have warranted some form of reformation. But it further appeared upon the face of the amended description thus pleaded that it itself was erroneous and indefinite, in that its metes and bounds failed to describe the Wiskus land. The identity of the Wiskus farm was well known to all the parties. The evidence on both sides was undisputed that this was the farm that was intended to be described in the contract. The court would have had no difficulty in reforming the contract so as to include a correct description of it, if the plaintiff had been thoughtful enough to have put in evidence *such correct description*. All of the witnesses knew the land; none of them knew how to describe it. No witness purported to give a description of it, and the court was left without any data whereby it could reform the contract by inserting therein a correct description, no proof of *correct description* being offered. The plaintiff offered to solve the difficulty by accepting from Wiskus a deed covering in terms the very description contained in the records referred to. The deed of the Guthrie County land tendered by Barrett to Wiskus and offered in evidence at the trial contained an error, in that it located the farm both in Carroll County and in Guthrie County. This would have been readily correctible, but no attempt was made to correct it. The same error was made in a release of a mortgage which plaintiff tendered as evidence of the payment of a mortgage which appeared upon the abstract as still in force. Upwards of twenty objections were urged by defendant's counsel to the chain of title disclosed by the abstract offered. We shall not dwell upon the details of these. Upon the record as a whole, there appear two sufficient reasons to justify the court's refusal of the remedy of specific performance. The first of these was the failure of the plaintiff to furnish to the defendant an abstract of title to his Guthrie County land, prior to March 1, 1921. As previously indicated, the contract called for an exchange of abstracts on January 2, 1921, which date was ignored by both parties. Both

2. CONTRACTS: performance or breach: mutual default.

parties being in default, neither was in default. Their mutual failure would be deemed a mutual extension of time, which continued the contract in force as it was before. Either party could put the other in

default by performance and demand on his own part. When Wiskus notified Barrett, on January 29th, that he would not perform, but would pay the stipulated damages for the breach, such notice constituted a breach on the part of Wiskus. It conferred the right upon the plaintiff at his option to claim the damages. It did not terminate the right of plaintiff, if any, to insist upon specific performance. Wiskus was mistaken in supposing that the contract gave him a right of election to pay damages, in lieu of specific performance. The contract did provide for liquidated damages in the amount of $2,000, to be paid by whichever party was in default, but this did not purport to be in lieu of specific performance. The right of election remained with the plaintiff. *Kettering v. Eastlack*, 130 Iowa 498. In order to maintain his right to specific performance, however, it became incumbent upon the plaintiff to tender performance on his part, in substantial accord with the requirements of the contract. Though the parties mutually waived the date of January 2d, they did not thereby necessarily waive the right to a reasonable opportunity for the examination of abstracts of title prior to March 1st. The defendant's notification of January 29th was, in effect, a refusal to furnish an abstract on his part. This would have excused the plaintiff from furnishing an abstract, if he had chosen to claim damages or to declare a rescission. But, having chosen to demand specific performance, he was, for that purpose, bound to make appropriate tender, under the provisions of his contract, and to keep his tender good up to and including March 1, 1921. *Thompson v. Yousling*, 196 Iowa 363. The notice of January 29th, by Wiskus, destroyed all mutuality of further extension of time for the delivery of abstracts. Barrett should, therefore, have tendered his abstract within a reasonable time after January 29th. The clear intent of the contract was that the respective parties should have reasonable time to examine the abstracts respectively presented. By his failure at this point, the plaintiff lost ground, so far as his right of specific performance was concerned, and put himself in an attitude of acquiescence with the position taken by defendant in his notice. The result was that, when plaintiff tendered a complicated abstract to the defendant

3. SPECIFIC PERFORMANCE: contracts enforcible: liquidated damages as defense.

on March 1st, the defendant could justly say that he had had no opportunity to have the abstract examined by a competent person. Though this objection was not available to the defendant in resistance of damages or of rescission, because of his prior breach, it was available in resistance to specific performance, notwithstanding his prior breach.

The other reason operating against the plaintiff at this point is the indefinite and uncertain description of a part of the Wiskus land, which has already been indicated. This difficulty was not solved by plaintiff's offer to accept a deed containing the erroneous description appearing in the public records. Such a description in the deed would not by its terms result in a conveyance of the Wiskus farm. It might result as a purported conveyance of land other than that of Wiskus. Though there was no dispute about the identity of the farm, possession of which was in Wiskus, and though it was capable of a correct description by metes and bounds, and though the court could readily have reformed the contract by inserting such correct description, yet it was incumbent upon the plaintiff to produce such correct description, either from an actual survey or otherwise. The court was helpless to reform the description without *evidence* of the correct description.

4. SPECIFIC PERFORMANCE: contracts enforcible: indefinite description of land.

For these reasons, we think that the trial court was justified in its refusal of the remedy of specific performance. Whether the decree as entered went further than to refuse this remedy, and whether it ought to be modified on that account, and whether, further, it ought not, upon the record, to have rendered a judgment for damages, are questions which we consider in the next division.

II. We have assumed in the foregoing division that the decree below operated only to refuse the remedy of specific performance. If this be so, it was without prejudice to a future action for damages. But the decree does not, in terms, purport to be confined in its operation to a denial of the remedy of specific performance. It purported to be adverse to the plaintiff; it is general in its terms, and without any reservation. A decree refusing the remedy of specific performance is not the exact equivalent of a

5. JUDGMENT: abatement (?) or bar (?)

judgment in abatement, but it is closely akin thereto. Under the statute, a judgment in abatement, as distinguished from a judgment in bar, must so state upon its face. If it be silent in that regard, it is deemed a judgment in bar. It is equally important that a decree which is intended to deny specific performance and to remit the plaintiff to his action for damages should be definite in its terms to that effect. If the decree in its present form were affirmed here, and if thereafter Wiskus should bring an action against Barrett to recover the alleged damages and to recover the $2,000 payment made by him, it would be a matter of grave doubt whether this decree could not be pleaded against Barrett in bar of all defense.

If, therefore, the intent of the decree was to refuse the remedy of specific performance, it should be modified in its terms so as to show definitely its scope. If, on the other hand, it was intended to be a final judgment in bar of all remedy, then it should be modified, in that it failed to award to the plaintiff the damages to which he was concededly entitled.

Ordinarily, a decree refusing specific performance purports to remit the parties to their remedy at law, and to be without prejudice to such an action. This is because ordinarily the parties are entitled to a jury trial on the issues of such an action. Inasmuch as the plaintiff herein may not have specific performance, he is, on this record, indisputably entitled to damages. The contract in terms fixed the amount of damages at $2,000. The defendant admits his liability therefor, and tenders the same. The defendant paid $2,000 at the time of the execution of the contract. He tenders a forfeiture of that amount. This tender meets the call of that provision of the contract for liquidated damages. It also appears that the plaintiff delivered to the defendant, at the time of the execution of the contract, his promissory note for $1,000. He is entitled to a return of such note, or to a judgment for the value thereof. Upon the record as made, we see no reason why the full rights of the parties should not be adjudicated by the decree. This would be that the $2,000 paid by the defendant should be held by the plaintiff in satisfaction of the liquidated damages, and that the defendant should be required to restore to the plaintiff his

promissory note, or, failing to do so, should suffer judgment therefor.

The plaintiff may, at his election, take this relief under his prayer for general equitable relief, in which event the decree will be modified accordingly. If plaintiff elects to decline such relief, the decree will be modified as being without prejudice to a future action at law for damages.

The decree entered below will be modified accordingly.— *Modified and affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.