FELIX ETTINGER, Appellee, v. PETER MALCOLM, Appellant.

No. 39146.

FEBRUARY 5, 1929.

REHEARING DENIED MAY 17, 1929.

*Ben J. Gibson,* for appellant.

*O. M. Slaymaker* and *R. E. Killmar,* for appellee.

ALBERT, C. J.,—The plaintiff, Felix Ettinger, was the owner of certain real estate situated at the southwest corner of the public square in the city of Osceola, Iowa, and on June 26, 1926, a contract was entered into between the plaintiff and the defendant for the sale of this property to the defendant for the sum of $11,250, $1,000 of which was to be paid at the time of the making of the contract, and the balance on October 1, 1926. Defendant failed to make any further payment on said contract,

and plaintiff brings this action in equity to foreclose the contract, and asks judgment for the balance due thereon.

Defendant, by way of answer, pleads that one Vern Hicks was the agent of the plaintiff in making this deal, and that he (Hicks) made certain false and fraudulent representations which were relied upon by the defendant, and that the contract was, therefore, so impregnated with fraud that it is not enforcible; also, that plaintiff agreed to furnish an abstract showing good and merchantable title to the real estate in controversy, and that he failed so to do.

In another division he pleads that the contract provided that, if the defendant failed to perform, plaintiff was to retain the $1,000 paid, as liquidated damages, and defendant was to be released from all liability of every kind or character.

In the last division of his answer, he alleges that he made demand on the plaintiff for the $1,000 down payment, and that he has been damaged by reason of the plaintiff's inability to perform his contract, in the sum of $5,000, for which he asks judgment against the plaintiff.

We will give attention to the brief points made by the appellant, the first of which he states as follows: "Vendors [of real estate] may not repudiate the unauthorized fraud of their agents and retain the fruit of the rascality,"—citing *Ellison v. Stockton,* 185 Iowa 979.

The second proposition is that the principal is liable for the fraudulent act of his agent in the course and within the scope of his employment, though in fact the principal did not authorize the practice of such acts,—citing *Ellison v. Stockton,* supra.

The third proposition is that the lack of knowledge on the part of the vendor as to the truth of the statements made is no defense. If a fact is asserted as a fact, and it is false, he who makes the statement, even though he did not know of the falsity thereof, is, nevertheless, liable therefor,—citing *Davis v. Central Land Co.,* 162 Iowa 269; *Hess v. McCardell,* 182 Iowa 1121; *Ulch v. Wessel,* 184 Iowa 134.

The fourth proposition is that one who is induced by false representations of the agent to enter into a contract for the purchase of the land with such agent's principal may rescind on discovering the fraud.

We accept these propositions as a correct statement of the law, for the purposes of this case.

Back of this, however, lies the serious question in the case. The defendant having sought to defeat this contract by pleading and attempting to prove that false and fraudulent representa-tions were made by Hicks, the alleged agent of the plaintiff, the burden of proof is upon the defendant to establish, not only that such false and fraudulent representations were made and relied upon, but also that Hicks was the agent of Ettinger, the vendor of the real estate; and if the defendant has not sustained this burden, then, of course, the alleged principal is not bound by whatever false and fraudulent representations Hicks may have made.

The district court held that defendant had failed to prove Hick's agency for the plaintiff, and with this conclusion we are disposed to agree. Taking the evidence on this proposition as a whole, we are led to the conclusion that the defendant failed to sustain the burden of proof on the question of agency, which is necessary, to make his defense good.

It is next insisted that the plaintiff did not furnish an abstract showing a good and merchantable title; but, as appellant does not make a brief point of this proposition, we give it no further attention.

The contract, among other provisions, contained the following:

''Upon failure by second party [Malcolm] to complete the payments as called for herein, the initial payment of $1,000 shall be considered as liquidated damages, and shall be retained by the first party.''

Defendant's contention is that, because of this provision and the fact that plaintiff did retain the $1,000, under the above provision of the contract, it was a full settlement of all of the obligations of the second party under the terms and provisions of the contract. We have held to the contrary on this proposition in *Kettering v. Eastlack*, 130 Iowa 498.

We think this covers all of the brief points made in appel-

314

lant's argument, and we find nothing which would warrant a reversal of the case.—*Affirmed.*

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.